Case No. 25-5357

===

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

---

Miranda Stovall,

*Plaintiff – Appellant,*

v.

Jefferson County Board of Education, et al.,

*Defendants – Appellees*.

---

On Appeal from the United States District Court
for the Western District of Kentucky, No. 3:24-CV-336-GNS (Jennings, J.)

---

## BRIEF OF APPELLANT MIRANDA STOVALL

---

Braden H. Boucek
Benjamin I. B. Isgur
SOUTHEASTERN LEGAL FOUNDATION
560 W. Crossville Rd., Ste. 104
Roswell, GA 30075
(770) 977-2131
bboucek@southeasternlegal.org
bisgur@southeasternlegal.org

Christopher D. Wiest
CHRIS WIEST, ATTORNEY AT LAW, PLLC
50 E. Rivercenter Blvd., Ste. 1280
Covington, KY 41011
(513) 257-1895
chris@cwiestlaw.com

## CORPORATE DISCLOSURE STATEMENT

Appellant Miranda Stovall is not a subsidiary or affiliate of a publicly-owned corporation, and no corporation other than those disclosed by Appellee NCS Pearson, Inc., has a substantial financial interest in the outcome of this litigation.

# TABLE OF CONTENTS

STATEMENT IN SUPPORT OF ORAL ARGUMENT ..........................................1

STATEMENT OF JURISDICTION...............................................................2

STATEMENT OF THE ISSUES..................................................................2

STATEMENT OF THE CASE....................................................................2

SUMMARY OF THE ARGUMENT .................................................................4

ARGUMENT ....................................................................................7

I.   The district court erred by concluding that it lacked jurisdiction to decide a question that arises under the Copyright Act. .................................9

   A.   Standard of Review ...................................................9

   B.   The district court has subject matter jurisdiction over this declaratory action because it would have subject matter jurisdiction over a hypothetical coercive action by Pearson..........................................10

II.   The district court erred by holding that a state court can resolve this case and by incorrectly weighing the *Grand Trunk* factors. .......................19

   A.   Standard of Review ...................................................20

   B.   The district court lacked discretion to decline jurisdiction over the copyright question before it. ............................................21

   C.   Even if *Grand Trunk* did apply, the district court's cursory analysis of the *Grand Trunk* factors was a clear error of judgment, and this Court should direct the district court to accept jurisdiction............................24

CONCLUSION.................................................................................32

CERTIFICATE OF COMPLIANCE................................................................33

CERTIFICATE OF SERVICE ..................................................................34

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS .............35

# TABLE OF AUTHORITIES

## CASES

*Acuity v. Jade Enters.*,
   No. 13-409, 2014 U.S. Dist. LEXIS 11463 (E.D. Ky. Jan. 30, 2014) .................23
*Ala. Pub. Serv. Comm'n v. S. Ry. Co.*,
   341 U.S. 341 (1951) ...............................................................................................16
*Ali v. Philadelphia City Plan. Comm'n*,
   125 A.3d 92 (Pa. Commw. Ct. 2015) .................................................... 22, 30, 31
*Allstate Ins. v. Green*,
   825 F.2d 1061 (6th Cir. 1987) ..............................................................................27
*Am. States Ins. v. D'Atri*,
   375 F.2d 761 (6th Cir. 1967) ................................................................................20
*AmSouth Bank v. Dale*,
   386 F.3d 763 (6th Cir. 2004) ................................................................................13
*Andy Warhol Found. for the Visual Arts v. Goldsmith*,
   598 U.S. 508 (2023) ...............................................................................................12
*Arthur Young & Co. v. Richmond*,
   895 F.2d 967 (4th Cir. 1990) ................................................................................11
*Brillhart v. Excess Ins. Co.*,
   316 U.S. 491 (1942) ...............................................................................................23
*California v. Texas*,
   593 U.S. 659 (2021) ...............................................................................................11
*Capo, Inc. v. Dioptics Med. Prods*,
   387 F.3d 1352 (Fed. Cir. 2004) ...........................................................................21
*Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co.*,
   29 F.4th 792 (6th Cir. 2022) .................................................................................25
*Chase Bank USA, N.A. v. City of Cleveland*,
   695 F.3d 548 (6th Cir. 2012) .......................................................................... passim
*Colo. River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976) ...............................................................................................16
*Compco Corp. v. Day-Brite Lighting, Inc.*,
   376 U.S. 234 (1964) ...............................................................................................16
*Dittmer v. Cnty. of Suffolk*,
   146 F.3d 113 (2d Cir. 1998) ..................................................................................21
*Est. of Curet Alonso v. Salazar Rivera*,
   No. 10-1922, 2011 U.S. Dist. LEXIS 170963 (D.P.R. April 23, 2011) ...............21

*Fire-Dex, LLC v. Admiral Ins. Co.*,
    No. 24-3781, 2025 U.S. App. LEXIS 13372 (6th Cir. June 2, 2025) ........... 25, 30
*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*,
    463 U.S. 1 (1983) ...................................................................................... passim
*Gibbons v. Ogden*,
    22 U.S. 1 (1824) ................................................................................................16
*Google LLC v. Oracle Am., Inc.*,
    493 U.S. 1 (2021) ................................................................................................4
*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*,
    746 F.2d 323 (6th Cir. 1984) ...................................................................... passim
*Harper & Row, Publrs. v. Nation Enters.*,
    471 U.S. 539 (1985) .............................................................................................4
*Heydon v. MediaOne of S.E. Mich., Inc.*,
    327 F.3d 466 (6th Cir. 2003) .............................................................................11
*Jones v. Glad Music Publ'g & Recording*,
    535 F. Supp. 3d 723 (M.D. Tenn. 2021) ...................................................... 12, 22
*Louisville & Nashville R.R. Co. v. Mottley*,
    211 U.S. 149 (1908) ..................................................................................... 11, 13
*Ludwig v. Bd. of Trs. of Ferris State Univ.*,
    123 F.3d 404 (6th Cir. 1997) .............................................................................10
*Medema v. Medema Builders, Inc.*,
    854 F.2d 210 (7th Cir. 1988) .............................................................................21
*Meyer v. Nebraska*,
    262 U.S. 390 (1923) .............................................................................................2
*Mich. Dep't of Cmty. Health v. Woodcare X, Inc.*,
    No. 1:09-758, 2009 U.S. Dist. LEXIS 102453 (W.D. Mich. Nov. 4, 2009) ........13
*Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n, Inc.*,
    287 F.3d 568 (6th Cir. 2002) ...............................................................................9
*Musson Theatrical, Inc. v. Federal Express Corp.*,
    89 F.3d 1244 (6th Cir. 1996) ...............................................................................9
*Nat'l Council of Teachers Quality, Inc. v. Curators of the Univ. of Mo.*,
    446 S.W.3d 723 (Mo. 2014) (en banc) ........................................... 22, 27, 30, 31
*Northland Ins. v. Stewart Title Guar. Co.*,
    327 F.3d 448 (6th Cir. 2003) .............................................................................27
*Pictometry Int'l Corp. v. Freedom of Info. Comm'n*,
    59 A.3d 172 (Conn. 2013) ........................................................... 22, 30, 31

*Richard Feiner & Co. v. Polygram Corp.*,
  610 F. Supp. 250 (S.D.N.Y. 1985) ......................................................22

*Ritchie v. Williams*,
  395 F.3d 283 (6th Cir. 2005) ................................................ 17, 22, 30

*Scottsdale Ins. Co. v. Flowers*,
  513 F.3d 546 (6th Cir. 2008) .......................................................... passim

*Severe Records, LLC v. Rich*,
  658 F.3d 571 (6th Cir. 2011) .......................................................... passim

*Silberkleit v. Kantrowitz*,
  713 F.2d 433 (9th Cir. 1983) ...........................................................21

*Skelly Oil Co. v. Phillips Petroleum Co.*,
  339 U.S. 667 (1950)........................................................ 10, 13, 18

*Stanford v. Caesars Entm't., Inc.*,
  430 F. Supp. 2d 749 (W.D. Tenn. 2006) ...................................... 17, 30

*Stewart v. Abend*,
  495 U. S. 207 (1990)...........................................................................4

*T.B. Harms Co. v. Eliscu*,
  339 F.2d 823 (2d Cir. 1964) ...................................................... 11, 15

*Toledo v. Jackson*,
  485 F.3d 836 (6th Cir. 2007) ...........................................................11

*United Specialty Ins. Co. v. Cole's Place, Inc.*,
  936 F.3d 386 (6th Cir. 2019) ...................................................... 20, 23

*Vaden v. Discover Bank*,
  556 U.S. 49 (2009)...........................................................................17

*W. World Ins. Co. v. Hoey*,
  773 F.3d 755 (6th Cir. 2014) ...................................................... 23, 25

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995)................................................................. 6, 20, 21

**STATUTES**

17 U.S.C. § 101 ...............................................................................2
17 U.S.C. § 107 ................................................................... 3, 4, 14
17 U.S.C. § 502 .............................................................................14
17 U.S.C. § 504 .............................................................................14
28 U.S.C. § 1291 ..............................................................................2
28 U.S.C. § 1338 .......................................................................... passim

28 U.S.C. § 2201 ...............................................................................2, 10

**CONSTITUTIONAL PROVISIONS**

Supremacy Clause
   U.S. Const. art. VI, cl. 2 .........................................................................17

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Appellant Miranda Stovall is a Kentucky mother who seeks a federal court declaration that Appellees Jefferson County Board of Education, Marty Pollio, and Amanda Herzog (collectively, JCPS) would not violate federal law by providing her with copies of Appellee NCS Pearson's (Pearson) copyrighted survey for her to review and discuss with others. The district court granted Appellee Pearson's motion to dismiss for lack of subject matter jurisdiction. This case presents an important question of law about the subject matter jurisdiction of the federal courts that does not commonly arise. Oral argument would therefore likely be materially helpful to the Court in considering the issues presented.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 because it is an appeal from a final decision of the Western District of Kentucky. The district court dismissed the case in whole for want of subject matter jurisdiction. The district court possessed subject matter jurisdiction under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## STATEMENT OF THE ISSUES

This appeal presents the questions (1) whether the district court erred in concluding that it lacked subject matter jurisdiction despite the availability of a coercive copyright action by Pearson; and (2) whether the district court appropriately weighed the discretionary factors for exercising discretion to issue a declaratory judgment (*Grand Trunk* factors) given that Congress, through the Copyright Act, affirmatively divested state courts of jurisdiction over copyright actions. *See* 28 U.S.C. § 1338.

## STATEMENT OF THE CASE

Appellant Miranda Stovall is a Kentucky resident and mother of four children. As a mother, Mrs. Stovall sought to assert her right to "control the education" of her children. *See Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). JCPS, her local public school, gave one of her children a survey that concerned her. (*See* Compl., R. 1, Page ID # 6.) When Mrs. Stovall spoke with her child about it, she was worried because

2

she thought the survey sounded inappropriate and intrusive. (*See id.*) She knew that schools around the country routinely administer surveys that ask children questions about their sexual orientation, sexual activity, and mental health without parental consent or knowledge, and she was concerned that that was happening at JCPS. (*See id.*) Wanting to know exactly what the survey asked her child, Mrs. Stovall requested a copy of it. (*See id.* at Page ID # 5.) JCPS refused to provide her with a copy, asserting that giving her a copy would infringe Pearson's copyright and thus open JCPS to a lawsuit. (*See id.*)

All Mrs. Stovall wants is a copy of the same survey JCPS required her child to take. (*See id.*) She wants a copy so she can review the survey herself and discuss it with her child in the privacy of her own home, and so that she can show other parents the potentially intrusive and inappropriate questions JCPS is asking their children. (*See id.* at Page ID # 6.) Federal copyright law's fair use exception allows a local school to give a concerned parent copies of materials the school is giving to her child.[1] Thus, Mrs. Stovall asked a federal district court to declare that JCPS

---

[1] The Copyright Act provides that the "fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. It then provides a list of four factors to determine whether the use made in a particular case is fair: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted

giving her a copy of the survey is a quintessential fair use—not copyright infringement. (*Id.* at Page ID # 3.)

After Mrs. Stovall sued in the Western District of Kentucky, Defendant-Appellee Pearson moved to dismiss for lack of subject matter jurisdiction. (Mot. to Dismiss, R. 12, Page ID # 54; Resp. to Mot. to Dismiss, R. 14, Page ID # 78; Reply to Mot. to Dismiss, R. 15, Page ID # 100.) The district court granted Pearson's motion and dismissed the case, holding that it lacked subject matter jurisdiction and that, even if it had jurisdiction, it would have declined to exercise it. (Order Granting Mot. to Dismiss, R. 23, Page ID # 144.)

Mrs. Stovall timely appealed on April 16, 2025. (Notice of Appeal, R. 25, Page ID # 146.)

## SUMMARY OF THE ARGUMENT

By law, Congress made copyright claims exclusive to federal court. 28 U.S.C. § 1338. Yet the district court dismissed Mrs. Stovall's copyright action because it thought she was "attempting to bypass" the Kentucky Open Records Act (ORA)

---

work." *Id.* And fair use is more than just a creature of statute. *See Google LLC v. Oracle Am., Inc.*, 493 U.S. 1, 18 (2021) ("We have described the 'fair use' doctrine, originating in the courts, as an 'equitable rule of reason' . . . . The statutory provision that embodies the doctrine indicates, rather than dictates, how courts should apply it." (quoting *Stewart v. Abend*, 495 U. S. 207, 236 (1990))); *see also Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539, 582 (1985) (Brennan, J., dissenting) (explaining that both the Copyright Clause and the First Amendment require the fair use limitation on copyright).

when she filed this action in federal court. (Order Granting Mot. to Dismiss, R. 23, Page ID # 142.) That was error. The only dispute here is whether Pearson's copyright would be infringed if JCPS provided Mrs. Stovall a copy of the survey she requested. Federal courts have jurisdiction over the Copyright Act to consider that question. In fact, *only* federal courts have jurisdiction to settle it.

Fulfilling Mrs. Stovall's request for copies would not infringe Pearson's copyright. Copying the survey for her is a fair use. So Mrs. Stovall brought a federal declaratory action to settle one lone question—whether JCPS giving her a copy of the survey is copyright infringement or fair use. The district court, however, thought she must proceed in state court under the Kentucky ORA, even though state courts lack jurisdiction over questions that arise under the Copyright Act.

Under the well-established framework for declaratory actions, federal jurisdiction exists when a defendant's hypothetical coercive action against a plaintiff would necessarily be in federal court. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 16 (1983); *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012) (applying *Franchise Tax*). Applying that framework here, federal subject matter jurisdiction exists because Pearson could bring a coercive copyright action against Mrs. Stovall (or JCPS) in federal court alleging copyright infringement and seeking an injunction.

5

Failing to apply the *Franchise Tax Board* framework, the district court instead analyzed a hypothetical state open records process where JCPS and Pearson would raise copyright infringement as a defense for the decision to withhold disclosure of the documents. This is the wrong framing and the wrong analysis; what would happen in a hypothetical *state* proceeding is irrelevant to whether a federal court has subject matter jurisdiction under the *Franchise Tax Board* framework. Instead, the relevant question is whether a hypothetical *federal* proceeding—a coercive copyright action—exists. This is made more obvious because here, no actual question about Kentucky law exists; the parties all agree that if providing copies to Mrs. Stovall would infringe Pearson's copyright, then the survey is exempt from disclosure. States cannot claim jurisdiction over questions of law Congress has explicitly divested them of.

Finally, the district court erred when it declined to exercise discretionary jurisdiction. A court lacks discretion to decline jurisdiction over a declaratory action in an area of exclusive federal jurisdiction. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Indeed, had Mrs. Stovall gone to Kentucky courts for a resolution, they should have declined to rule. The question whether JCPS providing a copy of the survey to Mrs. Stovall is copyright infringement or fair use arises under the Copyright Act and is therefore outside of state jurisdiction.

Even if this were a discretionary call, the district court's analysis of the factors governing discretionary jurisdiction was based on an error of law—specifically that Mrs. Stovall can (and, in its view, must) take her question to state court. Because it concluded that Mrs. Stovall could take her case to state court, it applied a discretionary analysis focused on whether federal or state courts are better suited to resolve the case. *See generally Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323 (6th Cir. 1984) (providing five factors for determining whether to decline jurisdiction and send the plaintiff to state court instead).

This Court should reverse the district court's holding that it lacked subject matter jurisdiction and remand with instructions to exercise jurisdiction over the action.

## ARGUMENT

Parents across America are engaging in discussions—with each other, with their school boards, and even with the media—about the contents of invasive surveys being given to their children in schools. Mrs. Stovall wanted to do the same, but JCPS stonewalled her, claiming without foundation that it would be infringing Pearson's copyright if it gave her a copy of the survey it gave her child. Mrs. Stovall asked a federal court to settle whether that would be copyright infringement or fair use.

That question arises under the Copyright Act, an area of exclusive federal jurisdiction. A request for declaratory judgment arises under the Copyright Act if the declaratory-judgment defendant could have sued the declaratory-judgment plaintiff for coercive relief and that suit would arise under the Act. The district court has subject matter jurisdiction because Pearson had an available coercive action for copyright infringement against Mrs. Stovall. Even if state courts could consider a question that Congress made exclusive, the availability of a state court action cannot divest a federal court of jurisdiction.

The district court abused its discretion when it declined to exercise jurisdiction under the Declaratory Judgment Act. A district court lacks discretion to decline jurisdiction over a declaratory judgment suit on a matter within exclusive federal jurisdiction, because doing so leaves the plaintiff without a remedy. And the district court's perfunctory analysis of the five *Grand Trunk* factors—used when assessing whether a case should proceed before a federal, rather than state, court in a declaratory judgment suit—is incorrect as a matter of law. The district court first made an erroneous legal conclusion about the availability and necessity of litigating in state court. And then it compounded that error by reaching unreasonable conclusions on all five of the factors.

I.    **The district court erred by concluding that it lacked jurisdiction to decide a question that arises under the Copyright Act.**

The district court had subject matter jurisdiction over this case because Mrs. Stovall asserts in her Complaint a federal affirmative defense to a potential federal coercive action by Pearson. Both the Supreme Court and this Court have made clear that federal subject matter jurisdiction exists over a declaratory judgment action if a hypothetical coercive action by the declaratory-judgment defendant would necessarily invoke federal jurisdiction. *See Franchise Tax Bd.*, 463 U.S. at 19; *Chase Bank*, 695 F.3d at 554. The district court erred by departing from well-settled precedent when it concluded that it lacked subject matter jurisdiction over Mrs. Stovall's case.

**A. Standard of Review**

This Court reviews de novo the district court's holding that it lacked subject matter jurisdiction. *Chase Bank*, 695 F.3d at 553. When a defendant moves to dismiss for lack of subject matter jurisdiction, the complaint "will survive the motion to dismiss by showing 'any arguable basis in law' for the claims set forth." *See Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (quoting *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). In its review, the court must "construe the complaint in a light most favorable to the plaintiff, accept as true all of plaintiff's well-pleaded factual allegations, and determine whether the plaintiff can prove no set of facts

9

supporting [the] claims that would entitle him to relief." *Ludwig v. Bd. of Trs. of Ferris State Univ.*, 123 F.3d 404, 408 (6th Cir. 1997).

**B. The district court has subject matter jurisdiction over this declaratory action because it would have subject matter jurisdiction over a hypothetical coercive action by Pearson.**

Federal jurisdiction over a declaratory judgment action exists when a plaintiff seeks to establish that she has a valid defense to an anticipated claim that would necessarily be in federal court. *See Franchise Tax Bd.*, 463 U.S. at 19; *Chase Bank*, 695 F.3d at 554. To determine whether it has subject matter jurisdiction over a declaratory action on a copyright question, a court must ask whether a defendant could have brought the inverse coercive copyright action against the plaintiff and whether that inverse coercive action would "arise under" the Copyright Act. *Severe Records, LLC v. Rich*, 658 F.3d 571, 581 (6th Cir. 2011). Thus, under this two-part inquiry, the district court has subject matter jurisdiction over this declaratory judgment action because (1) Pearson could sue for copyright infringement; and (2) that action would necessarily invoke federal jurisdiction. *See id.*

Under the Declaratory Judgment Act, federal courts have the authority to declare the rights and other legal relations between the parties in a case of actual controversy where an independent source of federal jurisdiction is alleged. 28 U.S.C. § 2201(a); *see Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (explaining that the Declaratory Judgment Act is not a standalone jurisdictional

basis); *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007) (explaining that, to have an "actual controversy" under the Declaratory Judgment Act, "a federal court must 'have jurisdiction already,' under some other federal statute" (quoting *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003))); *California v. Texas*, 593 U.S. 659, 671 (2021); *see generally Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908).

One source of federal jurisdiction is the Copyright Act. The Copyright Act is an independent source of federal jurisdiction that often provides a basis for declaratory judgment jurisdiction. 28 U.S.C. § 1338(a). Federal courts have jurisdiction—exclusive jurisdiction, in fact—over suits "arising under" the Copyright Act. *Id*.

Actions arise under the Copyright Act "if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement," or "asserts a claim requiring construction of the Act," or, rarely, "presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964) (Friendly, J.) (cited with approval in *Franchise Tax Bd.*, 463 U.S. at 9); *see also Arthur Young & Co. v. Richmond*, 895 F.2d 967, 970 (4th Cir. 1990) (recognizing *T.B. Harms Co.* as having "set out what has remained the definitive jurisdictional test for copyright cases").

Federal courts have straightforward subject matter jurisdiction to declare whether a controversy between parties is copyright infringement or fair use. Although state courts can adjudicate matters that incidentally involve copyright—for example, adjudicating who owns a copyright under state law, or enforcing a contract involving copyright ownership—they can do so only when the dispute is based on state law and does not "arise under" the Copyright Act. *See Jones v. Glad Music Publ'g & Recording*, 535 F. Supp. 3d 723, 731 (M.D. Tenn. 2021). But when a plaintiff seeks a remedy specifically granted by the Copyright Act or requires construction of the Act, their case "arises under" the Copyright Act and, thus, federal jurisdiction is exclusive. *See Severe Records*, 658 F.3d at 582 (distinguishing between a state-law suit for co-ownership based on contract law where there is no federal jurisdiction and a suit for co-ownership based on co-authorship, which requires construction of the Copyright Act and thus arises under it). Federal courts routinely decide actions seeking a declaration of noninfringement or fair use, as noninfringement actions seek a remedy expressly granted by the Act and fair use declarations require construction of the Act. *See, e.g.*, *Andy Warhol Found. for the Visual Arts v. Goldsmith*, 598 U.S. 508, 522 (2023) (deciding declaratory judgment action requesting a declaration of noninfringement or fair use).

Federal courts can issue declarations of noninfringement or fair use in anticipation of a coercive copyright action under the framework explained by this

Court in *Chase Bank*. There, this Court explained that to evaluate subject matter jurisdiction for a declaratory judgment action, a court asks whether it would have jurisdiction over a federal action in which the parties are inverted and the defendant is bringing a claim for coercive relief against the plaintiff. "In the declaratory-judgment context, whether a federal question exists is determined by reference to a hypothetical non-declaratory suit (i.e., a suit for coercive relief) between the same parties; if a federal question would appear in the complaint in this hypothetical suit, federal jurisdiction exists over the declaratory-judgment action." *Chase Bank*, 695 F.3d at 554. Thus, "[i]n cases in which the plaintiff seeks a declaratory judgment that he would have a valid defense to an anticipated claim, we consider whether a federal question would arise in a hypothetical non-declaratory suit in which the *declaratory-judgment defendant is the plaintiff and the declaratory-judgment plaintiff is the defendant*." *Id.* (emphasis added) (citing *Franchise Tax Bd.*, 563 U.S. at 19, and *AmSouth Bank v. Dale*, 386 F.3d 763, 775 (6th Cir. 2004)); *see also, e.g.*, *Mich. Dep't of Cmty. Health v. Woodcare X, Inc.*, No. 1:09-758, 2009 U.S. Dist. LEXIS 102453, at *3–4 (W.D. Mich. Nov. 4, 2009) (explaining same analytical framework). As such, federal courts have jurisdiction to issue a declaration about a federal defense to a federal-law claim. *See Franchise Tax Bd.*, 463 U.S. at 9–10; *see also Louisville & Nashville R.R. Co*., 211 U.S. at 152; *Skelly Oil Co.*, 339 U.S. at 673–74.

13

In summary, this Court asks two key questions to determine whether it has subject matter jurisdiction over a declaratory action on a copyright question: (1) could the defendant have brought the inverse coercive copyright action against the plaintiff; and (2) would that hypothetical inverse coercive action "arise under" the Copyright Act. *See Severe Records*, 658 F.3d at 581. Here, the district court failed to ask (1) whether Pearson could bring a coercive copyright action against Mrs. Stovall and JCPS; and (2) whether that hypothetical coercive action would "arise under" the Copyright Act.

The district court has federal subject matter jurisdiction because the answer to both questions is yes. The first inquiry is satisfied because Pearson has an available coercive action for copyright infringement against Mrs. Stovall and against JCPS. Pearson could sue, seeking an injunction to stop JCPS from releasing its copyrighted survey to Mrs. Stovall. *See* 17 U.S.C. § 502. Pearson could also sue to try to enjoin Mrs. Stovall from continuing to request Pearson's copyrighted materials, as she has explicitly stated she will do. (*See* Compl., R. 1, Page ID # 6.) And if JCPS did provide the survey to Mrs. Stovall, Pearson could sue JCPS for copyright infringement. *See* 17 U.S.C. § 504. Although each of Pearson's hypothetical coercive actions stand little chance of success because they would be cut-and-dry cases of fair use, *see* 17 U.S.C. § 107, Pearson *could* bring those cases. The mere availability of those hypothetical actions satisfies the first inquiry.

The second inquiry is satisfied because each of those hypothetical coercive actions would arise under the Copyright Act. *See T.B. Harms Co.*, 339 F.2d at 828 (explaining that a suit seeking a remedy specifically granted by the Act or requiring construction of the Act arises under it); *see also Chase Bank*, 695 F.3d at 554. Thus, because Pearson has an available coercive action that Mrs. Stovall's declaratory action anticipates, and because that available coercive action necessarily presents a federal question, the district court had subject matter jurisdiction over this declaratory judgment action. *See T.B. Harms Co.*, 339 F.2d at 828; *Chase Bank*, 695 F.3d at 554.

The district court erred by failing to apply the *Chase Bank* analysis despite citing it and quoting in full the correct framework. (*See* Order Granting Mot. to Dismiss, R. 23, PageID # 140.) The district court instead held that Mrs. Stovall was trying to bypass a state court procedure under the Kentucky ORA by use of the Declaratory Judgment Act "merely to anticipate a defense that otherwise could be presented in a state action." (*Id.* at Page ID # 142.) But that is the wrong analytical framework, as explained above.[2] Besides, whether Mrs. Stovall could bring a state court action misses the point because whether federal jurisdiction exists is an independent question from whether a state court could also have jurisdiction. *See,*

---

[2] Further, as explained below in Section II.B., the district court made an error of law by holding that a state court could exercise jurisdiction over this case.

*e.g.*, *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) ("[It] was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." (quoting *Alabama Pub. Serv. Comm'n v. S. Ry. Co.*, 341 U.S. 341, 361 (1951) (Frankfurter, J., concurring in result))).

Forcing Mrs. Stovall to attempt to litigate her Copyright Act question in state court incorrectly reframes this lawsuit as a dispute over state law. It is not. The parties agree that the Kentucky ORA does not require disclosure of the survey if that would be copyright infringement; the only question needing resolution is whether Pearson's copyright *would* be infringed by JCPS providing Mrs. Stovall with a copy so she could discuss the contents with her child and the public. (*See* Compl., R. 1, Page ID # 5.) Indeed, Kentucky had little choice in the matter. Its state law must respect copyright, as states may neither enlarge nor diminish the protections afforded by the Copyright Act. *See Compco Corp. v. Day-Brite Lighting, Inc.*, 376 U.S. 234, 237 (1964) ("[W]hen an article is unprotected by a patent or a copyright, state law may not forbid others to copy that article."); *Gibbons v. Ogden*, 22 U.S. 1, 53 (1824) (explaining that a state law cannot "operate to limit, restrict, or defeat, the effect of a statute of Congress . . . ."). By congressional design, state law and state courts have no role to play in questions "arising under" the Copyright Act.

Congress spoke clearly and made questions arising under the Copyright Act part of exclusive federal jurisdiction. 28 U.S.C. § 1338(a). It did so to create "national uniformity." *Ritchie v. Williams*, 395 F.3d 283, 287 (6th Cir. 2005); *see also Stanford v. Caesars Entm't., Inc.*, 430 F. Supp. 2d 749, 754 (W.D. Tenn. 2006) (approving federal removal of state-law claims that provided rights within the general scope of copyright based on *Ritchie* preemption doctrine). And, of course, a state could not steal away jurisdiction over a case arising under the Copyright Act when Congress expressly deprived state courts of jurisdiction. *See* 28 U.S.C. § 1338(a) (depriving state courts of jurisdiction over the Copyright Act); U.S. Const. art. VI, cl. 2 (Supremacy Clause). If a state could do that, there would be no uniformity—Kentucky might call copyright infringement what Tennessee calls fair use; either Kentucky or Tennessee might instruct their agencies to wholly disregard copyright. Congress dictated that federal courts alone must decide questions arising under the Copyright Act. By trying to force Mrs. Stovall into state court, the district court contravened the very purpose of the Copyright Act.

In addition, despite the district court's holding, Mrs. Stovall's case is distinct from those that fail the well-pleaded complaint rule because Pearson's hypothetical coercive action necessarily arises under the Copyright Act. The district court cited *Vaden v. Discover Bank*, 556 U.S. 49, 70 n.19 (2009), where the Supreme Court held that declaratory judgment jurisdiction was not present when the defendant's only

17

available coercive action was a "state-law debt-collection claim" and thus would not "arise under" federal law. (Order Granting Mot. to Dismiss, R. 23, Page ID # 141.) But unlike *Vaden*, Pearson's available coercive action could only be brought in federal court. *See* 28 U.S.C. § 1338(a).

The well-pleaded complaint rule on which the district court relied only prevents a federal defense to a state-law cause of action from creating federal subject matter jurisdiction. *Compare, e.g.*, *Skelly Oil Co.*, 339 U.S. at 672 (holding a state-law contracts claim the defendant had available against plaintiff would not present a federal question and so did not create federal jurisdiction), *with Franchise Tax Bd.*, 463 U.S. at 19 ("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question."). Pearson's available coercive action would not be brought under state law. Thus, unlike *Skelly Oil* and *Vaden*, Pearson's available coercive action presents a federal question because it falls within the exclusive federal jurisdiction of the Copyright Act. *See* 28 U.S.C. § 1338(a).

Because Pearson's available coercive action necessarily presents a federal question, there is federal subject matter jurisdiction over this declaratory action. *See Franchise Tax Bd.*, 463 U.S. at 19; *Chase Bank*, 695 F.3d at 554.[3]

## II.    The district court erred by holding that a state court can resolve this case and by incorrectly weighing the *Grand Trunk* factors.

The district court abused its discretion by declining to exercise jurisdiction. (*See* Order on Mot. to Dismiss, R. 23, Page ID # 144.) *Grand Trunk* is a vehicle for analyzing whether a question is best resolved by a state or federal court. The district court erred in applying it here because a federal court is the only court with jurisdiction over cases arising under the Copyright Act. By applying *Grand Trunk*, the district court ignored the most critical component of this case: a state court cannot decide this copyright question. Because of that, the district court's decision to decline jurisdiction left Mrs. Stovall without a remedy. The district court abused its discretion by applying the incorrect law—*Grand Trunk*.

Even if *Grand Trunk* applied, the district court's perfunctory analysis was not the reasoned consideration that this Court requires district courts to engage in. All five *Grand Trunk* factors favor accepting jurisdiction here: (1) the declaratory action

---

[3] Even if the Court concludes that Mrs. Stovall *could* have brought this question in a Kentucky ORA case to state court, federal courts would still possess subject matter jurisdiction over the action both because (1) the right to relief turns on a substantial federal question and (2) copyright claims are preempted. *See Franchise Tax Bd.*, 463 U.S. at 13 (federal question); *Chase Bank*, 695 F.3d at 555 (preemption).

would settle the controversy; (2) it would serve a useful purpose; (3) declaratory judgment is not being used for procedural fencing; (4) granting declaratory judgment would decrease friction between federal and state courts; and (5) there is no alternative state court remedy. *Grand Trunk*, 746 F.2d at 326.

## A. Standard of Review

This Court reviews a district court's decision whether to exercise jurisdiction under the Declaratory Judgment Act for abuse of discretion. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019) (citation omitted). Whether a district court should decline to issue a declaration is subject to "considerations of practicality and wise judicial administration." *See Wilton*, 515 U.S. at 288. The Supreme Court has never articulated a standard for circumstances in which it is appropriate to decline "cases raising issues of federal law or cases in which there are no parallel state proceedings." *Id.* A district court abuses its discretion by refusing to exercise jurisdiction under the Declaratory Judgment Act when to do so is "judicially indiscreet." *Am. States Ins. v. D'Atri*, 375 F.2d 761, 763 (6th Cir. 1967).

**B. The district court lacked discretion to decline jurisdiction over the copyright question before it.**

The district court erred by analyzing a request for declaratory judgment on an exclusively federal question using the *Grand Trunk* factors. The *Grand Trunk* factors apply when there is concurrent federal-state jurisdiction and are inapplicable in areas of exclusive federal jurisdiction, such as this one. *See Wilton*, 515 U.S. at 288; *see also Grand Trunk*, 746 F.2d at 326.

A district court cannot decline to exercise jurisdiction when an action is within exclusive federal jurisdiction, because doing so would leave the plaintiff without a remedy. *See Silberkleit v. Kantrowitz*, 713 F.2d 433, 436 (9th Cir. 1983) (holding no discretion when there is exclusive federal jurisdiction); *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213 (7th Cir. 1988) ("We agree with every court of appeals to decide this question that 'the district court has no discretion to stay proceedings as to claims within exclusive federal jurisdiction under the wise judicial administration exception.'"); *Capo, Inc. v. Dioptics Med. Prods*, 387 F.3d 1352, 1358 (Fed. Cir. 2004) (holding lower court improperly declined jurisdiction because of the exclusive federal jurisdiction over patents); *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998); *Est. of Curet Alonso v. Salazar Rivera*, No. 10-1922, 2011 U.S. Dist. LEXIS 170963, at *6 (D.P.R. April 23, 2011) (explaining exclusive federal jurisdiction over copyright question "weighs heavily against the discretionary power the Court has").

21

State courts may consider questions involving copyright only when they arise as an ancillary issue to a state law matter, like questions of ownership or contractual enforcement, but only when those matters are based on state law. *See Jones*, 535 F. Supp. 3d at 731; *Severe Records*, 658 F.3d at 582. That is why state courts routinely acknowledge that they cannot rule on fair use in the context of their state open records act, as that question arises under the Copyright Act. *See, e.g.*, *Nat'l Council of Teachers Quality, Inc. v. Curators of the Univ. of Mo.*, 446 S.W.3d 723, 729 (Mo. 2014) (en banc) ("[T]his court lacks the authority to determine whether a particular use of copyrighted materials constitutes fair use, as federal courts have 'original jurisdiction of any civil action arising under [the Federal Copyright Act].'"); *Pictometry Int'l Corp. v. Freedom of Info. Comm'n*, 59 A.3d 172, 192 (Conn. 2013) (same); *Ali v. Philadelphia City Plan. Comm'n*, 125 A.3d 92, 104–05 (Pa. Commw. Ct. 2015) (same); *see also Ritchie*, 395 F.3d at 286 (recognizing that the Copyright Act "expressly removes" from state courts "any jurisdiction" and converts all state claims "'within the general scope of copyright' into federal law"); *Richard Feiner & Co. v. Polygram Corp.*, 610 F. Supp. 250, 252 (S.D.N.Y. 1985) (explaining that state courts cannot resolve copyright infringement as it is exclusively federal, requiring eventual federal court intervention).

And that is why the cases the district court relied upon are distinguishable. Each case it cited involved both at least one state-court case *and* concerned a

preclusive declaration of state law rather than an area of exclusive federal jurisdiction. (*See* Order on Mot. to Dismiss, R. 23, Page ID # 143 (citing *Grand Trunk*, 746 F.2d at 325 (request for declaratory judgment review of a state-court order on indemnity for negligence); *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014) (insurance dispute with two different pending related state-law cases); *United Specialty Ins.*, 936 F.3d at 391 (permitting the exercise of declaratory jurisdiction on an insurance dispute despite a pending state law case over a dissent); *Acuity v. Jade Enters.*, No. 13-409, 2014 U.S. Dist. LEXIS 11463, at *7 (E.D. Ky. Jan. 30, 2014) (insurance dispute with pending related state case)); *cf. Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

Here, the core question is whether JCPS providing Mrs. Stovall a copy of the survey would be fair use or copyright infringement. When a matter seeks a remedy specifically granted by the Copyright Act or requires construction of the Copyright Act, federal jurisdiction is exclusive. *See Severe Records*, 658 F.3d at 582. Unlike the cited cases, the controversy in this case is solely over federal copyright law, not an insurance claim or state-law tort, and there is not a related state case. That alone should end the matter.

Nevertheless, even reviewing the *Grand Trunk* factors shows exactly why district courts have discretion in cases of concurrent jurisdiction but not here. The five factors are: (1) whether a declaration would be useful; (2) whether a declaration would settle the controversy; (3) whether declaratory judgment is being sought for an improper purpose like procedural fencing; (4) whether a declaration would increase friction between federal and state courts; and (5) whether state courts provide a better alternative remedy. *See Grand Trunk*, 746 F.2d at 326. The last three factors—procedural fencing, federal-state friction, and whether state court remedies are better or more effective—have no relevance when there is no possibility of a state court even considering the legal question. *See id.* And the first two factors ask whether the declaration would be useful or settle the controversy, which again needs the context of a state court proceeding for a court to properly weigh the factors. *See id.* Plainly, none of that makes sense when the controversy is within the exclusive jurisdiction of federal courts.

The district court must exercise jurisdiction over a question within exclusive federal jurisdiction.

**C. Even if *Grand Trunk* did apply, the district court's cursory analysis of the *Grand Trunk* factors was a clear error of judgment, and this Court should direct the district court to accept jurisdiction.**

Even if it should have analyzed the *Grand Trunk* factors, the district court failed to engage in a reasoned analysis of whether to issue a declaration when it

provided only four bare-bones sentences discussing the five factors. To determine whether a district court abused its discretion when declining to exercise declaratory jurisdiction, "[t]he essential question on review 'is always whether a district court has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair.'" *Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co.*, 29 F.4th 792, 797 (6th Cir. 2022).

The decision to refuse jurisdiction centers on three components: "efficiency, fairness, and federalism." *W. World Ins.*, 773 F.3d at 759; *see also Fire-Dex, LLC v. Admiral Ins. Co.*, No. 24-3781, 2025 U.S. App. LEXIS 13372, at *11 (6th Cir. June 2, 2025) (describing "efficiency, fairness, and federalism" as "the touchstones of a district court's exercise of its discretion in the declaratory relief context"). And these three are not always equal. *W. World Ins.*, 773 F.3d at 759. "For example, a relatively efficient declaratory judgment . . . could very well be inappropriate if hearing the case would be unfair . . . or would offend the bundle of principles we generally label 'federalism' . . . ." *Id.* The same is true of the inverse situation: A district court abuses its discretion by refusing to exercise jurisdiction when doing so is unfair and disrupts federalism. *See Severe Records*, 658 F.3d at 583.

The district court concluded in perfunctory fashion that all five factors favored refusing jurisdiction. (*See* Order Granting Mot. to Dismiss, R. 23, Page ID # 143–

44.) This was error. The *Grand Trunk* factors overwhelmingly favor the exercise of jurisdiction.

**1. The district court abused its discretion by holding that the declaration would not settle the controversy and provide valuable clarity.**

The first two *Grand Trunk* factors assess "(1) whether the declaratory action would settle the controversy" and "(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue." *Grand Trunk*, 746 F.2d at 326. These two factors are generally considered together because they are closely intertwined. *See Scottsdale Ins.*, 513 F.3d at 557. Exercising jurisdiction is favored when (1) the issue could not be considered in state court; (2) the issue is legal and so would not require discovery; and (3) the controversy is not being litigated in state court. *See id.* at 555–57. These two factors favor jurisdiction here, and the district court improperly applied the law when it concluded otherwise.

Federal jurisdiction over the Copyright Act is exclusive. The controversy between the parties is whether federal copyright law would be violated if JCPS provided the survey to Mrs. Stovall. With a favorable ruling, Mrs. Stovall would be free to return to JCPS and repeat her request for the survey, knowing that JCPS cannot refuse to provide them based on a mistaken understanding of federal copyright law. That is the whole scope of the present controversy.

The district court held that issuing a declaration would not resolve the controversy because it reasoned that Mrs. Stovall would still need to return to JCPS

and re-request the survey. But—even assuming that after the declaration, JCPS still had a non-frivolous basis for refusing to provide the survey[4]—that hypothetical greater dispute can be resolved only if a federal court first resolves this lesser controversy of federal copyright law. *See id.* at 555 (citing *Northland Ins. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003), and *Allstate Ins. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987), for the proposition that resolution of a discrete lesser federal controversy is appropriate, even when it might not fully end the greater controversy).

Further, all three considerations in *Scottsdale Insurance* support accepting jurisdiction here. *See id.* at 555–57 (considering whether a state court could decide the question, whether the question requires complex findings of fact, and whether the question is being litigated in state court). A state court lacks jurisdiction over questions arising under the Copyright Act, which makes the first consideration favor jurisdiction. *See Nat'l Council of Teachers Quality*, 446 S.W.3d at 729. The issue presented is entirely legal and there is no factual dispute, making the second consideration favor jurisdiction. And there is no parallel state court proceeding, making the third consideration also favor jurisdiction.

---

[4] The only basis for refusing to provide copies invoked by JCPS—who elected to answer the complaint rather than join the motion to dismiss, (*see* JCPS Answer, R. 11, Page ID # 44)—was copyright infringement. (Compl., R. 1, Page ID # 5.)

27

The first two *Grand Trunk* factors are considered together because "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Scottsdale Ins.*, 513 F.3d at 557. This case presents no reason to deviate from this well-established principle. Because a declaration will conclusively resolve whether JCPS would be violating federal copyright law by providing copies of the requested survey to Mrs. Stovall, it will help clarify the legal relations in issue. The first two *Grand Trunk* factors favor jurisdiction.

### 2. No reasonable judge could hold that there is procedural fencing because state courts lack jurisdiction.

Under the third factor, the Court considers "whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata." *Grand Trunk*, 746 F.2d at 326 (cleaned up). This factor "is meant to preclude jurisdiction for '*declaratory plaintiffs*' who file their suits mere days or weeks before the coercive suits filed by a '*natural plaintiff*' and who seem to have done so for the purpose of acquiring a favorable forum." *Scottsdale Ins.*, 513 F.3d at 558 (citation omitted) (emphases added).

Pearson, the natural plaintiff, does have an available coercive action against Mrs. Stovall, the declaratory plaintiff, but not one that could be brought in state court. As discussed above, Pearson could bring a coercive action under the Copyright Act seeking to enjoin JCPS from providing the survey. That case would

28

lie within the exclusive jurisdiction of federal courts and so would not change the forum. There is no state action at all and certainly not one looming that Mrs. Stovall raced to the federal courthouse to foreclose. Even if there were, there is no evidence that Mrs. Stovall brought this claim "for the purpose of" racing Pearson to the courthouse to end up in federal court rather than state court. *Id.* The district court abused its discretion by reaching the legally and factually erroneous conclusion that procedural fencing or racing was possible or intended here.

### 3. The district court's ruling increases federal-state jurisdictional friction by forcing a question of exclusive federal jurisdiction in front of a state court.

Because no parallel state action exists and copyright is an area of exclusive federal jurisdiction, the fourth factor favors jurisdiction. The fourth *Grand Trunk* factor considers whether the declaratory judgment "would increase friction between our federal and state courts and improperly encroach upon state jurisdiction[.]" *Grand Trunk*, 746 F.2d at 326. The Sixth Circuit has split this factor into three sub-factors:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins.*, 513 F.3d at 560. Where there is no parallel state court action, there is no likelihood of friction between state and federal courts. *See, e.g.*, *id.* at 559–60.

If this case is dismissed and Mrs. Stovall brings a state court case, then either the state court will enter a judgment on the Copyright Act without jurisdiction or the state court will refuse to resolve the Copyright Act question. Pearson would be shoving federal courts out of the way and inverting federal law by making state jurisdiction exclusive on a subject that Congress made exclusive to federal courts. That result would contravene the Copyright Act's goal of creating "national uniformity." *Ritchie*, 395 F.3d at 287; *see also Stanford*, 430 F. Supp. 2d at 754.

If the state court properly refuses to entertain the copyright claim, as has happened repeatedly, *see Nat'l Council of Teachers Quality*, 446 S.W.3d at 729; *Pictometry Int'l*, 59 A.3d at 192; *Ali*, 125 A.3d at 104–05, Mrs. Stovall would be back in federal court having only wasted time, money, and judicial resources. That outcome is harmful, pointless, and stands in direct contradiction to how this Court describes the goal of discretion under the Declaratory Judgment Act: *avoiding* duplicate litigation. *See Fire-Dex, LLC*, 2025 U.S. App. LEXIS 13372, at *11 (explaining that exercises of discretion under the Declaratory Judgment Act are designed to avoid duplicate litigation). Federal courts cannot rub up against a state matter that does not exist.

Even ignoring the full picture, the three *Scottsdale Insurance* sub-factors favor jurisdiction as well. There are no underlying factual issues, making sub-factors one and two favor exercising jurisdiction. The third sub-factor weighs most strongly in favor of jurisdiction: federal statutory law dictates the resolution of this declaratory judgment action. Because all three sub-factors favor accepting jurisdiction, the fourth *Grand Trunk* factor favors accepting jurisdiction and resolving a copyright case where it should be resolved—in federal court.

**4. The district court committed an error of law by holding that there is an alternative state-court remedy because state courts lack jurisdiction to answer this question.**

The fifth *Grand Trunk* factor looks at "whether there is an alternative remedy which is better or more effective." *Grand Trunk*, 746 F.2d at 326. That factor favors jurisdiction because federal courts are the better and more effective remedy for resolving copyright questions that are within exclusive federal jurisdiction.

The alternatives available to Mrs. Stovall in state courts are neither better nor more effective; in fact, they are non-existent. As pointed out above, state courts routinely hold that they lack jurisdiction to decide precisely this question. *See Nat'l Council of Teachers Quality*, 446 S.W.3d at 729; *Pictometry Int'l Corp.*, 59 A.3d at 192; *Ali*, 125 A.3d at 104–05. That alone means that no alternative state court remedy exists for the claim Mrs. Stovall brings: one over which Congress has stripped state courts of jurisdiction. That same fact means that even if Kentucky state courts did

have jurisdiction, they would not be a "better or more effective" remedy. *Grand Trunk*, 746 F.2d at 326. Just as state courts are the experts in state law, federal courts are the experts in federal law—including the Copyright Act. The fifth factor favors jurisdiction.

## CONCLUSION

This Court should reverse the holding of the district court that it lacked subject matter jurisdiction and remand with instructions to exercise jurisdiction under the Declaratory Judgment Act. A federal court is the proper and only forum to resolve questions of federal copyright law.

Respectfully submitted,

June 11, 2025.                    /s/ Benjamin I. B. Isgur
                                  Braden H. Boucek
                                    Tenn. BPR No. 021399
                                    Ga. Bar No. 396831
                                  Benjamin I. B. Isgur
                                    Va. Bar No. 98812
                                  Southeastern Legal Foundation
                                  560 W. Crossville Road, Suite 104
                                  Roswell, GA  30075
                                  Tel.: (770) 977-2131
                                  bboucek@southeasternlegal.org
                                  bisgur@southeasternlegal.org

                                  /s/ Christopher Wiest
                                  Christopher Wiest (KBA 90725)
                                  50 East Rivercenter Blvd., Ste. 1280
                                  Covington, KY 41011
                                  513-257-1895 (v)
                                  chris@cwiestlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. Proc. 32(g)(1), this is to certify the foregoing complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 7,515 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). The foregoing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it was prepared on a computer using Times New Roman font (14 point).

 June 11, 2025.                              /s/ Benjamin I. B. Isgur
                                        Benjamin I. B. Isgur

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Respectfully submitted,


/s/ Benjamin I. B. Isgur
Benjamin I. B. Isgur

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

Pursuant to Sixth Circuit Rule 28(b), the following filings from the district court's

records are designated as relevant to this appeal:

| Record Entry & Page ID Range | Description of Entry |
|---|---|
| R. 1, Page ID # 1–8 | Complaint |
| R. 11, Page ID # 44–53 | JCPS's Answer |
| R. 12, Page ID # 54–74 | NCS Pearson's Motion to Dismiss |
| R. 14, Page ID # 78–99 | Mrs. Stovall's Response to NCS Pearson's Motion to Dismiss |
| R. 15, Page ID # 100–10 | NCS Pearson's Reply to Motion to Dismiss |
| R. 23, Page ID # 141–47 | Order Granting Motion to Dismiss |
| R. 24, Page ID # 148 | Judgment Dismissing Case |
| R. 25, Page ID # 149 | Notice of Appeal |
| R. 26, Page ID # 150–52 | Docketed Appeal |