CASE NO. 25-5357

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

MIRANDA STOVALL
*Plaintiff-Appellant*

v.

JEFFERSON COUNTY BOARD OF EDUCATION, ET AL.,
*Defendants-Appellees*

On Appeal from the United States District Court
for the Western District of Kentucky
Louisville Division
The Honorable Rebecca G. Jennings
Civil Action No. 3:24-CV-336-RGJ-RSE

BRIEF FOR DEFENDANTS-APPELLEES
JEFFERSON COUNTY BOARD OF EDUCATION,
MARTIN POLLIO, AND AMANDA HERZOG

C. Tyson Gorman
Sean G. Williamson
WYATT, TARRANT & COMBS, LLP
400 W. Market Street, Suite 2000
Louisville, KY 40202
Telephone: (502) 589-5235
*Counsel for Defendants-Appellees*
*Jefferson County Board of Education,*
*Martin Pollio, and Amanda Herzog*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1(a), the Jefferson County Board of Education is a state agency exempt from filing a corporate disclosure statement. Likewise, Dr. Martin Pollio and Amanda Herzog are exempt from filing a corporate disclosure statement because they have been sued solely in their official capacities as employees of the Jefferson County Board of Education, which is in effect a suit against the state agency.

# TABLE OF CONTENTS

                                                              **Page**

TABLE OF CONTENTS ...................................................................................... i

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

JURISDICTIONAL STATEMENT ...................................................................... 1

ISSUES PRESENTED FOR REVIEW ................................................................ 1

STATEMENT OF THE CASE .............................................................................. 1

SUMMARY OF THE ARGUMENT ..................................................................... 7

ARGUMENT .......................................................................................................... 9

CONCLUSION ...................................................................................................... 9

CERTIFICATE OF COMPLIANCE ................................................................... 11

CERTIFICATE OF SERVICE ............................................................................ 12

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS ............. 13

# TABLE OF AUTHORITIES

### Federal Cases

*Grand Trunk W.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323 (6th Cir. 1984)............2

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908) ................8

*Severe Records, LLC v. Rich*, 658 F.3d 571 (6th Cir. 2011) ......................8

### Federal Statutes and Regulations

17 U.S.C. § 107 ...............................................................................................2

28 U.S.C. § 1291 .............................................................................................1

28 U.S.C. § 1331 .............................................................................................1

28 U.S.C. § 1332 .............................................................................................1

### Federal Rules

FED. R. APP. P. 28 ....................................................................................1, 9, 12

FED. R. APP. P. 32 ...........................................................................................10

### State Statutes

KRS 61.872 ..................................................................................................2, 4

KRS 61.874 .....................................................................................................4

KRS 61.878 ............................................................................................2, 4, 5, 6

# STATEMENT REGARDING ORAL ARGUMENT

Appellee Jefferson County Board of Education ("JCBE")[1] agrees with Appellee NCS Pearson, Inc. ("Pearson") that oral argument is not necessary. The record and briefs demonstrate that the District Court properly granted Pearson's Motion to Dismiss. If the Court determines that oral argument would be helpful, JCBE welcomes the opportunity to address any questions that the Court may have.

---

[1] Any reference to JCBE herein includes Defendants-Appellees Pollio and Herzog, who have been sued solely in their official capacities as employees of JCBE.

# JURISDICTIONAL STATEMENT

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 1291. On March 18, 2025, the District Court for the Western District of Kentucky granted Pearson's motion to dismiss Plaintiff-Appellant Miranda Stovall's Complaint in its entirety for lack of subject matter jurisdiction. [Order Granting Mot. to Dismiss, R. 23, Page ID # 138–44]. Accordingly, this Court has jurisdiction because it is an appeal from a final decision of the Western District of Kentucky. On April 16, 2025, Stovall filed her Notice of Appeal, seeking review of the District Court's dismissal. [Notice of Appeal, R. 25, Page ID # 146]

Subject matter jurisdiction is the primary question in this appeal. Stovall's Complaint did not meet the requirements to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332, nor did Stovall's Complaint present a federal question under 28 U.S.C. § 1331.

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure, JCBE incorporates by reference Pearson's "Statement of the Issues" section.

# STATEMENT OF THE CASE

Stovall offers a decidedly skewed and incomplete recitation of both the factual and procedural background relevant to the issues submitted for review. In an attempt to circumvent both the boundaries of Kentucky law, as well as the subject matter jurisdiction requirements that serve as the foundational parameters of each and every

complaint brought before a federal court, Stovall filed her Complaint in the District Court, seeking a declaratory judgment that, under the Copyright Act's fair use provision, she should be allowed to access documents requested from JCBE under the Kentucky Open Records Act ("KORA"). [Compl., R. 1, Page ID # 6–7, ¶¶ 42–45].

Stovall's Complaint arises out of the KORA request she submitted under KRS 61.872(1) to access mental health surveys that JCBE planned to administer to its students, and her alleged injury arose out of JCBE's denial of this request under KRS 61.878(1)(k). Thus, the legal basis for her Complaint clearly arises under state law. However, Stovall attempts to transform this state law claim into a federal claim by grasping for federal footing not only in the Copyright Act's fair use provision but also the First Amendment. *See* 17 U.S.C. § 107. [Compl., R. 1, Page ID # 7, ¶¶ 45–46; Appellant Br., at 3–4].

Responding to Stovall's lack of both diversity and federal question jurisdiction, Pearson filed a Motion to Dismiss. Pearson argued not only that the District Court lacked subject matter jurisdiction but also that Stovall's "fair use" and First Amendment claims were unripe for review and that the District Court, pursuant to the factors in *Grand Trunk Western Railroad Company v. Consolidated Rail Corporation*, 746 F.2d 323, 326 (6th Cir. 1984), should decline to exercise its discretion to entertain the declaratory judgment action. [Mot. to Dismiss, R. 12, Page

ID # 56, 65].

On March 18, 2025, Judge Jennings determined that Stovall's Complaint did not set forth a federal question and dismissed the case in its entirety because the court lacked subject matter jurisdiction. [Order Granting Mot. to Dismiss, R. 23, Page ID # 140–42].[2] As to Pearson's other arguments, the District Court determined that, even if there was subject matter jurisdiction, all of the *Grand Trunk* factors favored a finding that the District Court should exercise its discretion and decline to entertain Stovall's declaratory-judgment action. [Order Granting Mot. to Dismiss, R. 23, Page ID # 143].

Stovall filed her Notice of Appeal on April 16, 2025. [Notice of Appeal, R. 25, Page ID # 146]. Appealing from the District Court's decision dismissing Stovall's Complaint, Stovall not only attempts to evade settled law by contending her claims present a federal question but also presents a false narrative that JCBE has "stonewalled" her. [Appellant Br., at 7].

Stovall frames this case as an effort to "assert her rights to 'control the education' of her children[,]" and in doing so, Stovall insinuates that JCBE deprived her of those rights. [Appellant Br., at 2]. However, a closer inspection of Stovall's

---

[2] The District Court determined that even though JCBE, including Pollio and Herzog, filed an answer rather than a motion to dismiss, the case required dismissal in its entirety because the District Court lacked subject matter jurisdiction to hear the case. [JCBE Defendants' Answer, R. 11, Page ID # 44–53].

Complaint reveals that the right at issue is neither her parental rights, nor a right to have the requested documents reproduced to her based upon the Copyright Act's "fair use" provision. [Compl., R. 1, Page ID # 7, ¶ 44 ("Mrs. Stovall is entitled to a judgment declaring that Defendant JCPS providing the surveys to her is a fair use that does not infringe Defendant Pearson's copyright.")]. Rather, this dispute solely arises out of Stovall's right created by KORA, KRS 61.872, to submit an open records request, and her disagreement with JCBE's application of KORA's mandatory exclusions in KRS 61.878. [Compl., R. 1, Page ID # 5, ¶¶ 29–31].

As Stovall alleged in her Complaint, after becoming aware in January 2023 of JCBE's intention to administer a mental health survey to JCBE students, she submitted an open records request, seeking "a full digital copy of the 'BESS Social and Emotional Screener' or 'Mental Health Screener' or 'Screener Questionnaire' to be given in 6-12 grades during school." [Compl., R. 1, Page ID # 5, ¶ 29]. Amanda Herzog, an in-house attorney for JCBE, responded that copies of the surveys could not be provided because the mental health "screener is the copyrighted intellectual property of Pearson. KRS 61.878(1)(k) prohibits from disclosure 'All public records or information the disclosure of which is prohibited by federal law or regulation[.]'"

[Compl., R. 1, Page ID # 5, ¶ 31 (quoting KRS 61.878(1)(k))].[3]

Stovall claims the district "withheld" the survey, but this description conflicts with Stovall's own allegations which unambiguously acknowledged that *JCPS offered Stovall the opportunity to inspect the survey in person*. [*See* Compl., R. 1, Page ID # 5, ¶¶ 33–34]. But, even after rejecting the opportunity to inspect the surveys, both Stovall's Brief and the Amici Brief continue to make unsupported statements as to the surveys' contents.[4] For example, Stovall's Brief broadly states—without citation to any specific allegation or source—that "schools around the country routinely administer surveys that ask children questions about their sexual orientation, sexual activity, and mental health . . . [, and Stovall] was concerned that

---

[3] Stovall's argument that, but for the copyright status of the surveys, she would have been entitled copies under KRS 61.874(1) is incorrect. [Compl., R. 1, Page ID # 5, ¶ 34]. KRS 61.874(1) provides that "[u]pon inspection, the applicant shall have the right to make abstracts of the public records and memoranda thereof, and to obtain copies of all public records *not exempted by the terms of KRS 61.878*." KRS 61.874(1) (emphasis added). There are numerous exemptions in KRS 61.878. In addition to the exemption based upon disclosures that would violate federal law (which includes disclosure in violation of the Copyright Act), KRS 61.878 provides for other exemptions applicable to Stovall's KORA request—including KRS 61.878(1)(a), (1)(b), (1)(c)(1), (1)(c)(2), (1)(g).

[4] The Amici Brief goes a step further not only embracing Stovall's statement of her concern that the surveys, which she chose not to inspect, were "intrusive and inappropriate," but also by likening JCBE to "opaque government agencies" engaged in the "abuse of third-party copyright claims" as a means of "denying concerned parents access to curricular materials or surveys." [Amici Br., at 20]. It is undisputed that JCBE offered Stovall access to the surveys.

that was happening at JCPS." [Appellant Br., at 3]. JCBE offered Stovall the opportunity to review the surveys and assuage those concerns. She declined that opportunity. These characterizations are representative of Stovall's efforts to paint a grim picture, but they are contradicted by her own allegations. Rather, JCBE has displayed a commitment to being transparent within the bounds of the law.

Continuing this false narrative, Stovall's negative descriptions of JCBE again conflict with the allegations of her Complaint.[5] Stovall asserts that "JCPS *stonewalled* her, claiming *without foundation* that it would be infringing Pearson's copyright if it gave her a copy of the survey it gave her child." [Appellant Br., at 7 (emphasis added)]. But Stovall's own allegations quoted JCBE's communications to her concerning the school district's foundation for being unable to provide copies of the surveys. [*See* Compl., R. 1, Page ID # 5, ¶ 31].

In the words of Stovall, JCBE "refused" to provide her the copies she requested. [Appellant Br., at 3]. But this characterization suggests that JCBE had a choice. The truth is that JCBE had a responsibility to comply with KORA's

---

[5] The Amici Brief engages in the same false narrative as Stovall, insinuating—despite factual allegations to the contrary—that JCBE intentionally withheld information from a parent and that JCBE distributed the surveys for some purpose other than assessing student mental health. The Amici's insinuation that JCBE is attempting to "control the information" as it relates to "sensitive topics" is baseless. [Amici Br., at 14]. All alleged facts demonstrate otherwise. JCBE clearly stated why the district cannot provide copies, in addition to offering Stovall the opportunity to review the subject surveys in person.

mandatory exclusions. *See* KRS 61.878(1). JCBE was also constrained by its contractual obligations to Pearson:

> Pearson clinicians helped prepare these documents [the surveys], and Pearson considers them to be trade-secret and copyright-protected material that should be used only by clinical professionals in clinical/ educational settings. ([Compl.], ¶ 8). Therefore, Pearson takes significant steps to ensure that its screeners and questionnaires are utilized only for their intended purposes and are not publicly disseminated. The observance of these confidentiality terms is a requirement that Pearson imposes on all of its partners, including JCPS.

[Mot. to Dismiss, R.12, Page ID # 57].

JCBE respects that Stovall wants to know what materials the school district is presenting to her children. That is why JCBE gave her the opportunity to inspect the requested surveys. She declined—and chose to file suit. But what her Complaint and briefing fail to acknowledge is that other interests are at stake. The state law granting Stovall a limited right to inspect public records attempts to balance government transparency with the legitimate interest of copyright holders, like Pearson, who wish to protect their works from unauthorized reproduction and copying. KORA exempts copyright-protected material from disclosure to avoid placing public agencies in the precarious position that Stovall attempts to manufacture here, *i.e.*, the public agency having to choose between violating state open records law or potentially infringing upon the rights of a copyright holder.

Stovall's characterizations of JCBE as "stonewalling" and her insinuation of any nefarious motive are contradicted by her own allegations. JCBE responded to

Stovall's KORA request in a manner that provided transparency, while also respecting the exemptions crafted by state law. JCBE did not deprive Stovall of any information concerning her children—she refused to inspect the material.

## SUMMARY OF THE ARGUMENT

JCBE agrees with Pearson's position that the District Court correctly granted Pearson's motion to dismiss. Federal court is not a proper forum for the relief Stovall seeks because this claim arises under KORA alone. Under the well-pleaded complaint rule, Stovall fails to raise a federal question under the Copyright Act's "fair use" provision. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (holding an "anticipated" federal defense to a state law claim "is not enough" to confer federal question jurisdiction); *see also Severe Records, LLC v. Rich*, 658 F.3d 571, 581 (6th Cir. 2011) ("[A]n action does not 'arise under' the federal copyright laws merely because it relates to a product that is the subject of a copyright.").

Stovall's purported right to production of the subject surveys was created by, and exists solely under, state open records law. Stovall named JCBE, Pollio, and Herzog as parties for the purpose of enforcing her state law rights under KORA. [*See* Pearson Br., at 20–21]. JCBE, in turn, declined to produce copies of the surveys based upon a state law exemption in KORA. JCBE is not the copyright holder, and it would not be a party to any hypothetical coercive federal action. [*See id.*].

8

JCBE is portrayed by Stovall as playing a central role in the alleged injury solely because of her claimed state law rights. But JCBE's presence here only further demonstrates that this case arises under state, not federal, law. JCBE is caught in the middle of Stovall's impermissible effort to transform her state law claim into a federal question.

In addition to this Summary of the Argument, JCBE incorporates by reference Pearson's "Summary of the Argument" section pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure.

## ARGUMENT

Pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure, JCBE incorporates by reference Pearson's "Argument" section.

## CONCLUSION

For the foregoing reasons, JCBE respectfully requests that this Court affirm the judgment of the District Court.

Dated:      Louisville, Kentucky
July 15, 2025

Respectfully submitted,
*/s/ Sean G. Williamson*
C. Tyson Gorman
Sean G. Williamson
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
Telephone: (502) 589-5235
*Counsel for Defendants-Appellees*
*Jefferson County Board of Education,*
*Martin Pollio, and Amanda Herzog*

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the type-volume litigation requirements of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, as this brief contains 2,189 words according to a word count by the word-processing system used to produce this brief, exclusive of sections of this brief exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

The undersigned hereby certifies that this brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure, as this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, font size 14.

Date: July 15, 2025            */s/ Sean G. Williamson*  
                               Sean G. Williamson

# CERTIFICATE OF SERVICE

I hereby certify on this 15th day of July, 2025, that a true and correct copy of the foregoing [corrected] Brief was electronically filed with the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Sean G. Williamson*
Sean G. Williamson

# DESIGNATION OF RELEVANT
# DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 28(b) Defendant-Appellee JCBE hereby designates the following as relevant district court documents:

| Record Entry | Description | # Range |
|---|---|---|
| R. 1 | Complaint | Page ID # 1–8 |
| R. 11 | JCBE's Answer | Page ID # 44–53 |
| R. 12 | NCS Pearson's Motion to Dismiss | Page ID # 54–74 |
| R. 14 | Stovall's Response to NCS Pearson's Motion to Dismiss | Page ID # 78–99 |
| R.15 | NCS Pearson's Reply to Motion to Dismiss | Page ID # 100–10 |
| R. 23 | Order Granting Motion to Dismiss | Page ID # 138–44 |
| R. 24 | Judgment Dismissing Case | Page ID # 145 |
| R. 25 | Notice of Appeal | Page ID # 146 |
| R. 26 | Docketed Appeal | Page ID # 147–49 |

102024747.4