Case No. 25-5357

===

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

---

Miranda Stovall,

*Plaintiff – Appellant,*

v.

Jefferson County Board of Education, et al.,

*Defendants – Appellees.*

---

On Appeal from the United States District Court
for the Western District of Kentucky, No. 3:24-CV-336-GNS (Jennings, J.)

---

## REPLY BRIEF OF APPELLANT MIRANDA STOVALL

---

Braden H. Boucek
Benjamin I. B. Isgur
SOUTHEASTERN LEGAL FOUNDATION
560 W. Crossville Rd., Ste. 104
Roswell, GA 30075
(770) 977-2131
bboucek@southeasternlegal.org
bisgur@southeasternlegal.org

Christopher D. Wiest
CHRIS WIEST, ATTORNEY AT LAW, PLLC
50 E. Rivercenter Blvd., Ste. 1280
Covington, KY 41011
(513) 257-1895
chris@cwiestlaw.com

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................1

I.   This original action arises out of a question only a federal court can resolve. ........................................................................................................3

   A.  Mrs. Stovall is only asking for a declaration about JCPS providing her copies of the survey. .....................................................................4

   B.  Federal courts have exclusive jurisdiction over cases like this one.............7

   C.  States cannot take away copyright jurisdiction from federal courts, nor can they vest jurisdiction over it in their own courts........................................11

II.  The parties agree that federal courts have subject matter jurisdiction over this declaratory action if Pearson can bring a coercive federal action for copyright infringement against Mrs. Stovall. ...............................................13

   A.  Pearson has hypothetical coercive federal actions for copyright infringement available, even if it does not plan to bring them. .................14

   B.  Mrs. Stovall's claim satisfies the well-pleaded complaint rule because it centers on copyright. ....................................................................17

III.  *Grand Trunk* is inapplicable, but even if it did apply, the analysis would be heavily lopsided in favor of accepting jurisdiction. .....................................18

   A.  Exclusive federal jurisdiction precludes a state court from resolving this case. ...............................................................................................19

   B.  Without concurrent state court jurisdiction, declining to exercise jurisdiction is an abuse of discretion..........................................................20

CONCLUSION ...............................................................................................23

CERTIFICATE OF COMPLIANCE....................................................................25

CERTIFICATE OF SERVICE .............................................................................26

i

## TABLE OF AUTHORITIES

### CASES

*Abbott Labs v. Gardner*,
  187 U.S. 136 (1967)...................................................................................21

*Am. States Ins. v. D'Atri*,
  375 F.2d 761 (6th Cir. 1967) ..................................................................22

*Andy Warhol Found. for the Visual Arts v. Goldsmith*,
  598 U.S. 508 (2023)..................................................................................9

*Arthur Young & Co. v. Richmond*,
  895 F.2d 967 (1990)..................................................................................9

*Bd. of Chosen Freeholders of Burlington v. Tombs*,
  215 F. App'x 80 (3d Cir. 2006) (unpublished)............................ 17, 18

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
  489 U.S. 141 (1989)..................................................................................20

*Charlton-Perkins v. Univ. of Cincinnati*,
  35 F.4th 1053 (6th Cir. 2022) ...................................................................6

*Chase Bank USA, N.A. v. City of Cleveland*,
  695 F.3d 548 (6th Cir. 2012) ...................................................................15

*Colo. River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976)..................................................................................12

*Crawford v. United States Dep't of the Treasury*,
  868 F.3d 438 (6th Cir. 2017) .....................................................................6

*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*,
  463 U.S. 1 (1983)......................................................................................9

*Gunn v. Minton*,
  568 U.S. 251 (2013).......................................................................... 19, 20

*Jones v. Glad Music Publ'g & Recording*,
  535 F. Supp. 3d 723 (M.D. Tenn. 2021) .............................................8

*Kunz v. Aoki*,
  No. 21-1502, 2021 U.S. Dist. LEXIS 201896 (E.D. Cal. Oct. 19, 2021) ...........19

*McNeil v. Cmty. Prob. Servs., LLC*,
  945 F.3d 991 (6th Cir. 2019) .....................................................................5

*Mich. Dep't of Cmty. Health v. Woodcare X, Inc.*,
  No. 09-758, 2009 U.S. Dist. LEXIS 102453 (W.D. Mich. Nov. 4, 2009)...........13

*NRA of Am. v. Magaw*,
  132 F.3d 272 (6th Cir. 1997) ..................................................................5
*Ritchie v. Williams*,
  395 F.3d 283 (6th Cir. 2005) ...................................................... passim
*T.B. Harms Co. v. Eliscu*,
  339 F.2d 823 (2d Cir. 1964) ....................................................... passim
*Weisberg v. United States Dep't of Justice*,
  631 F.2d 824 (D.C. Cir. 1980) ...............................................................16

## STATUTES

17 U.S.C. § 107 ........................................................................................1, 19
17 U.S.C. § 501 ...........................................................................................18
28 U.S.C. § 1338(a) ......................................................................... 2, 8, 11, 18

## CONSTITUTIONAL PROVISIONS

Supremacy Clause ................................................................................ 11, 12

**ARGUMENT**

Mrs. Stovall asked Appellee Jefferson County Board of Education (JCPS) for a copy of the survey it gave to her child without her knowledge. JCPS refused, explaining that copying it for her would infringe Appellee Pearson NCS's (Pearson) federally-protected copyright.[1] Pearson agrees with JCPS. Mrs. Stovall disagrees. Mrs. Stovall asked a federal court to determine whether JCPS's assertion that giving her a copy would infringe Pearson's copyright under the Copyright Act (the Act) was correct. The district court declined to answer, incorrectly believing it lacked jurisdiction. This Court should reverse.

Only a federal court has jurisdiction to resolve this case because the Copyright Act is within the exclusive jurisdiction of federal courts. This case is within that exclusive federal jurisdiction for two main reasons: (1) it requires construction of the Copyright Act, specifically, the fair use exception, 17 U.S.C. § 107, and (2) it

---

[1] Appellees fail to support their claim that Mrs. Stovall declined their offer to inspect the survey. They cite her Complaint as evidence of this, but the cited paragraphs only explain why she thought copies were necessary, not that she refused their offer. (*See* Appellee Pearson's Br. at 5 (citing Compl., R. 1, Page ID # 2, ¶ 2; Page ID # 6, ¶ 36)); (Appellee JCPS's Br. at 5 (citing Compl., R. 1, Page ID # 5, ¶¶ 33–34).) (*But see* Compl., R. 1, Page ID # 6 ¶ 39 (explaining that without copies, Mrs. Stovall "must rely on her memory of what was contained in the surveys to discuss them with other parents, and she has to persuade others to believe her claims without proof").) Mrs. Stovall disputes Appellees' unsupported assertion that she declined to inspect the survey. If this were a material fact—and Mrs. Stovall maintains it is all irrelevant to the question of federal subject matter jurisdiction—it would be disputed and is another reason why the motion to dismiss was improperly granted.

1

raises a substantial federal policy concern about the uniformity of copyright. Despite Pearson's attempt to reframe this case as a state law dispute about the Kentucky Open Records Act (KORA), that framing could not be further from the truth. Rather, the parties all agree about KORA: if the proposed copying infringes Pearson's copyright, then KORA bars it. But even if KORA did not bar it, nothing about this case would change. Kentucky *cannot* abrogate federal law. If the proposed copying infringes Pearson's federally-protected copyright, that's the ballgame. And only a federal court can say whether it does. 28 U.S.C. § 1338(a).

This declaratory judgment action is properly in federal court because it anticipates a hypothetical federal coercive action for copyright infringement by Pearson against both Mrs. Stovall and JCPS. Mrs. Stovall explained the federal copyright infringement lawsuits available to Pearson in her opening brief. Pearson never explains why those lawsuits are not available to it—tacitly admitting that it could bring such a suit. Instead, it argues that it is not planning on bringing those lawsuits. But that is not the law. The question is whether Pearson *could* bring a copyright action against JCPS or Mrs. Stovall, not whether it *would*. And Pearson could. Pearson also argues that copyright is tangential to the issue here. But it is not. All Mrs. Stovall came to court for is a declaration about whether JCPS copying Pearson's survey for her is infringement or fair use. Copyright is the whole case.

Because only a federal court can resolve this case, the District Court erred by holding that it lacked jurisdiction and compounded its error by holding that it would decline to exercise jurisdiction even if it could. Declining to exercise jurisdiction here is an abuse of discretion because it leaves Mrs. Stovall with an unanswered and—now—unanswerable federal question. Mrs. Stovall cannot go to a state court because state courts lack jurisdiction. This leaves her copyright question—the only question put before the district court—stuck in limbo and threatens to upend federal-state balance by leaving a void that will prompt state courts to answer copyright questions outside their jurisdiction. That runs counter to Congress's expressed policy and the plain text of the Copyright Act.

This Court should reverse the district court's holding and remand with instructions to accept jurisdiction.

## I. This original action arises out of a question only a federal court can resolve.

Mrs. Stovall has one question: whether it would infringe Pearson's copyright if JCPS provided her with copies of the student survey. Only federal courts have jurisdiction over this question. Perhaps because of this, Pearson seeks to recast the legal question Mrs. Stovall has raised as one about what she plans to do with the copies down the line.

But Mrs. Stovall has *not* requested a declaration about the question Pearson raises: her use of the survey once she receives it. The question raised by Mrs.

Stovall—the plaintiff, and thus the person entitled to control the complaint—is certainly ripe because JCPS already refused her request for copies of the survey citing copyright protections. She does not need to show that further injury is impending because her injury is complete.

Mrs. Stovall's requested declaration also does not involve Kentucky state law, even if it may appear to at first glance because it involves a denial of a records request. Rather, it is a matter of exclusive federal jurisdiction because it requires construction of the Copyright Act and implicates federal policy concerns surrounding the uniformity of copyright. Since this case is within exclusive federal jurisdiction and completely preempted, Kentucky state law cannot change its outcome, and no state court case can be brought to resolve it. But even if Kentucky's courts somehow had jurisdiction over this case, that does not mean federal courts lack jurisdiction, as Kentucky law cannot operate to deprive federal courts of jurisdiction granted by Congress.

### A. Mrs. Stovall is only asking for a declaration about JCPS providing her copies of the survey.

Mrs. Stovall is seeking a declaration about whether JCPS was right that giving her copies of the survey would infringe Pearson's copyright.[2] Pearson muddies the

---

[2] Mrs. Stovall has been clear about this from the very beginning of this case. (*See, e.g.*, Compl., R. 1, Page ID # 3 ¶ 14; *id.* at Page ID # 6 ¶¶ 41, 43; *id.* at Page ID # 7 ¶¶ 44, 45.) She is not asking for a declaration about any future use she might make of those records.

4

waters by repeatedly recasting her question as whether it would be a fair use for her to redistribute or use the survey once she receives it. (*See, e.g.*, Pearson's Br. at 6, 9, 10, 11, 13, 19, 23, 24, 30, 34, 38, 40, 41, 42, 43 (all discussing Mrs. Stovall's hypothetical use of the copies rather than only whether JCPS providing her copies is a fair use).) Perhaps that question is not appropriate for judicial resolution—but it is not the one before the Court. Mrs. Stovall is the master of her complaint and Pearson may not rewrite her requested declaratory judgment to be about her intended use of the documents after she receives them, only to then argue that question is unripe. *See McNeil v. Cmty. Prob. Servs., LLC*, 945 F.3d 991, 996 (6th Cir. 2019). The sought declaration is about whether JCPS would be infringing Pearson's copyright—as both Appellees claim it would be—if JCPS provided copies of the survey to Mrs. Stovall. The distinction is critical.

Mrs. Stovall's case is ripe because she merely seeks a declaration that JCPS would not have infringed Pearson's copyright if it provided her copies of the survey in response to her request. *See NRA of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997) ("Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all."). To satisfy ripeness, Mrs. Stovall need only show "an actual present harm or a significant possibility of future harm." *Id.* at 280. Mrs. Stovall's claim is ripe. JCPS *already denied her request based on copyright*, and thus her injury is complete. The district court already rejected Pearson's

argument that the case is unripe. (*See* Order Granting Mot. to Dismiss, R. 23, PageID # 138.) That is because Pearson's argument falls apart when analyzing the actual claim Mrs. Stovall brought: whether JCPS would infringe Pearson's copyright by giving Mrs. Stovall copies of the survey—not some hypothetical question about Mrs. Stovall's future use of the copies. *See Charlton-Perkins v. Univ. of Cincinnati*, 35 F.4th 1053, 1059 (6th Cir. 2022) (holding case ripe where defendant already denied plaintiff's job application); *see also id.* at 1059 n.4 ("Ripeness is really, or at least paradigmatically, a doctrine about *pre-enforcement* challenges. . . . [Here, w]e are instead confronting an already-executed act . . . .").

Further, Mrs. Stovall has standing to bring her claim and Pearson is wrong to argue that the third-party standing doctrine bars it. (*See* Pearson's Br. at 22.) The third-party standing doctrine does not apply when the plaintiff is personally harmed, whether directly or indirectly, because such a suit "is seeking to vindicate the plaintiff's *own* rights and not a third party's." *Crawford v. United States Dep't of the Treasury*, 868 F.3d 438, 456 (6th Cir. 2017). Here, Mrs. Stovall was directly harmed by JCPS's decision to invoke copyright to refuse her request for copies. And she was indirectly harmed by the pressure Pearson exerted to compel JCPS to withhold the copies from her. Thus, Mrs. Stovall has standing to try to remedy her injury by seeking a declaration about whether it would, in fact, infringe Pearson's copyright if

JCPS provided her the copies she asked for. Mrs. Stovall seeks to remedy her own injury, not the injury of a third party.

In addition to incorrectly invoking the third-party standing doctrine, Pearson misstates Mrs. Stovall's claim and improperly shifts the focus from the presented copyright question to arguments about the scope of KORA. (*See* Pearson's Br. at 23–24 (explaining that Kentucky does not consider a requester's intended purpose when evaluating exemptions).) But the parties agree, and have agreed from the beginning, that *if* it is actually copyright infringement for JCPS to provide copies of the survey to Mrs. Stovall, then KORA prevents JCPS from doing so. (Pl.'s Resp. to Mot. to Dismiss, R. 14, Page ID # 85.) Mrs. Stovall is not seeking a declaration either about KORA or about whether her intended use would be fair, making this line of argument from Pearson irrelevant. Mrs. Stovall is seeking a declaration that will resolve whether it was correct for JCPS to claim that it would be infringing Pearson's copyright if it provided Mrs. Stovall the copies she requested.[3]

### B. Federal courts have exclusive jurisdiction over cases like this one.

All parties agree that federal courts have exclusive jurisdiction over the Copyright Act. *See* 28 U.S.C. § 1338(a); (Pearson's Br. at 16); (JCPS's Br. at 9

---

[3] And, as explained more fully below, Mrs. Stovall has no remedy available in state court for her question about copyright infringement, nor would an available state action strip federal courts of jurisdiction given by Congress. Pearson's theory of the case would render this question unresolvable by any court and leave her in legal limbo.

(adopting in whole Pearson's Argument).) That exclusive jurisdiction extends to cases where "the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement," or "asserts a claim requiring construction of the Act," or, rarely, "presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964) (Friendly, J.).

Declaring whether a copying is infringement or fair use is straightforwardly within exclusive federal jurisdiction. And this question is well outside the limited scenarios in which state courts can adjudicate state law disputes containing ancillary copyright questions (e.g., deciding who owns a copyright under state law, or enforcing a contract involving copyright ownership). *Compare Jones v. Glad Music Publ'g & Recording*, 535 F. Supp. 3d 723, 737 (M.D. Tenn. 2021) (holding action for ownership of copyright based on result of divorce proceedings did not "arise under" the Copyright Act), *with Severe Records, LLC v. Rich*, 658 F.3d 571, 582 (6th Cir. 2011) (distinguishing between a state-law suit for co-ownership based on contract law where there is no federal jurisdiction and a suit for co-ownership based on co-authorship, which requires construction of the Copyright Act and thus arises under it). Actions seeking a declaration of noninfringement or fair use routinely (and may only) appear in federal court, as noninfringement actions seek a remedy expressly granted by the Copyright Act and fair use declarations require construction

8

of the Copyright Act. *See, e.g.*, *Andy Warhol Found. for the Visual Arts v. Goldsmith*, 598 U.S. 508, 522 (2023) (deciding declaratory judgment action requesting a declaration of noninfringement or fair use).

But rather than accept the scope of copyright questions that fall within the exclusive jurisdiction of the federal courts, Pearson quotes selectively from the law, thereby missing the critical reason why this case cannot be brought in state court. (*See* Pearson's Br. at 39 (citing *T.B. Harms Co.*, 339 F.2d at 828).) *T.B. Harms* is widely-accepted authority[4] on what copyright questions federal courts have exclusive jurisdiction over, and it presents three distinct situations: (1) a suit seeking remedies under the Act; (2) a suit "requiring construction of the Act"; and (3) cases where the policy of the Act requires the application of federal principles. *T.B. Harms Co.*, 339 F.2d at 828.

Although Pearson cites the exact sentence in *T.B. Harms* that lists those three situations in which federal jurisdiction is exclusive, Pearson omits two of the three situations. (*Contrast* Pearson's Br. at 39 ("[A]n action arises under the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act." (quoting *T.B. Harms Co.*, 339 F.2d at 828))), *with T.B. Harms Co.*, 339 F.2d at 828

---

[4] *See, e.g.*, *Ritchie v. Williams*, 395 F.3d 283, 288 (6th Cir. 2005) (citing *T.B. Harms Co.* with approval); *Arthur Young & Co. v. Richmond*, 895 F.2d 967, 970 (4th Cir. 1990) (recognizing *T.B. Harms Co.* as having "set out what has remained the definitive jurisdictional test for copyright cases"); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983) (approving of *T.B. Harms Co.*).

9

(continuing the sentence Pearson quoted by providing examples of remedies provided by the Act and then explaining that there is also exclusive federal jurisdiction over a case that "asserts a claim requiring construction of the Act," or "presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim"). As Mrs. Stovall explained in her opening brief, her case falls under the latter two, not the first one. (Stovall's Br. at 15, 23.)

Pearson's omission makes it seem as though the only category of cases within exclusive federal jurisdiction are those where plaintiffs seek a remedy expressly granted by the Copyright Act. But that is incorrect. Pearson never addresses that determining whether providing her with a copy is a "fair use" requires construction of the Act, which *also* confers exclusive federal jurisdiction. (*See generally* Pearson's Br. (discussing exclusive federal jurisdiction over the Copyright Act without ever mentioning cases requiring "construction of the Act").) Pearson also does not dispute that making copyright uniform throughout the states is exactly why Congress imbued federal courts with exclusive jurisdiction over the Copyright Act. (*See* Pearson's Br. at 25–27); (*see also* Stovall's Br. at 17); *infra* Section I.C. Because a court must construe the Copyright Act to determine whether JCPS providing copies to Mrs. Stovall is fair use or copyright infringement, and because doing so is important to advance the policy of the Copyright Act, the question is within exclusive federal jurisdiction.

**C. States cannot take away copyright jurisdiction from federal courts, nor can they vest jurisdiction over it in their own courts.**

Federal jurisdiction over the Copyright Act is absolute and a state cannot change that. The Copyright Act completely preempts all state law conferring rights within its scope. *See Ritchie*, 395 F.3d at 287. Thus, KORA is irrelevant to the question of subject matter jurisdiction. Pearson continues to insist that this ought to be a KORA appeal, but it never addresses any of the reasons why Mrs. Stovall explained that it is not.

First, the core question here is within exclusive federal jurisdiction. (Stovall's Br. at 23.) Kentucky cannot grant its own courts jurisdiction over the Copyright Act when Congress has stripped them of it. *See* 28 U.S.C. § 1338(a) (depriving state courts of jurisdiction over the Copyright Act); U.S. Const. art. VI, cl. 2 (Supremacy Clause). Indeed, Pearson does not argue that a state court has jurisdiction over a Copyright Act question, instead attempting to reframe the question to seem like a routine KORA case fit for state courts. (*See, e.g.*, Pearson's Br. at 38.) Mrs. Stovall is not trying to avoid a Kentucky Open Records Act case; she cannot bring one to answer this question. Congress said so, and Kentucky cannot change that.

Second, the reason Congress conferred exclusive jurisdiction over the Copyright Act to federal courts was to force uniformity among the states in copyright protections. *See Ritchie*, 395 F.3d at 287. As Mrs. Stovall explained, (*see* Stovall's Br. at 17), under Pearson's theory that she must bring her case in state court,

11

Tennessee might call fair use what Kentucky calls copyright infringement. Pearson's survey could enjoy copyright protection from a records request in a school five miles away from a school where it does not. This would undercut Congress's stated preference for uniformity in copyright determinations. That result is impossible to square with Congress's purpose in enacting the Copyright Act. *See Ritchie*, 395 F.3d at 287.

Third, even if Pearson's theory that Mrs. Stovall *could* bring her case to state court were right, that would not deprive federal courts of jurisdiction. Just as Kentucky cannot grant its own courts jurisdiction over the Copyright Act, Kentucky cannot divest federal courts of their jurisdiction granted by Congress. *See* U.S. Const. art. VI, cl. 2. Pearson fails to recognize that concurrent federal-state jurisdiction is commonplace. (*See* Stovall's Br. at 15–16 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)).)

As such, the first (and only) question this Court need answer is whether this case falls within the exclusive federal jurisdiction vested by the Copyright Act. Because it is within that exclusive jurisdiction, Kentucky law cannot be relevant. Even if this case were outside that exclusive federal jurisdiction, there is no reason to believe that the ability of a state court to hear the case deprives federal courts of their jurisdiction.

II. **The parties agree that federal courts have subject matter jurisdiction over this declaratory action if Pearson can bring a coercive federal action for copyright infringement against Mrs. Stovall.**

The parties agree that if Pearson has a coercive federal action for copyright infringement against Mrs. Stovall, then federal subject matter jurisdiction exists. (*See* Pearson's Br. at 19); (JCPS's Br. at 9 (adopting in whole Pearson's argument)); (Stovall's Br. at 13.) Further, the parties agree that the key question is whether a hypothetical federal action for copyright infringement *could* be brought by the declaratory judgment defendant. (*See* Pearson's Br. at 19); (JCPS's Br. at 9 (adopting in whole Pearson's argument)); (Stovall's Br. at 13.) Indeed, an available coercive action by Pearson against even JCPS would also create federal subject matter jurisdiction. *See Mich. Dep't of Cmty. Health v. Woodcare X, Inc.*, No. 1:09-758, 2009 U.S. Dist. LEXIS 102453, at *3–4 (W.D. Mich. Nov. 4, 2009) (explaining how to realign parties to look for federal subject matter jurisdiction over a declaratory judgment action). When realigning, a court can place any party on either side in order to search for an available coercive action. *See id.* Here, the most natural alignment is Pearson as plaintiff and Mrs. Stovall and JCPS as defendants, because Pearson's copyright ownership is restraining Mrs. Stovall's ability to access the documents and JCPS's ability to provide them in compliance with her request. *Cf. id.* The sole question, then, is whether Pearson could bring a hypothetical coercive

13

federal action against either JCPS or Mrs. Stovall. And the answer is an unequivocal yes.

**A. Pearson has hypothetical coercive federal actions for copyright infringement available, even if it does not plan to bring them.**

Pearson agrees that the availability of a coercive federal action against Mrs. Stovall would confer jurisdiction; it just claims it does not have one available. (Pearson's Br. at 19.) But it does. Pearson could bring any of the three different hypothetical coercive actions available to it that Mrs. Stovall provided in her opening brief. As she explained, Pearson could bring a suit: (1) against Mrs. Stovall, seeking an injunction to prevent her from continuing to request Pearson's copyrighted materials, as she has said she plans to do; (2) against JCPS, seeking an injunction to prevent it from providing copies of Pearson's copyrighted materials to Mrs. Stovall; and (3) against JCPS, if it did provide copies of the survey to Mrs. Stovall, for damages. (Stovall's Br. at 14.) Tellingly, although Pearson spends seven pages of its brief discussing this question, it never even mentions these three available coercive actions, let alone disputes their legal plausibility. (*See* Pearson's Br. at 19–25.) Just one provides jurisdiction.

Pearson asks this Court to accept its unsworn assertion that it would not bring any of these actions, (*see id.* at 23), but, as this Court has explained, the question is whether Pearson *could*, not *would*, bring a case. *See Chase Bank USA, N.A. v. City*

*of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012). It is, after all, a hypothetical coercive action. *Id.*

Instead, Pearson trains its fire on theories at odds with both the law and the facts. It claims that because it has not yet threatened to bring a copyright action, there is no federal subject matter jurisdiction. On the law, Pearson misunderstands ripeness. Ripeness merely demands a likely impending injury or an already-occurred injury. Mrs. Stovall has suffered her injury: she was denied copies of the survey thanks to the specter of Pearson's coercive copyright infringement action against JCPS. (*See* Compl., R. 1, Page ID # 5 (quoting JCPS's denial letter that emphasizes JCPS's unwillingness to violate Pearson's copyright).)

On the facts, Pearson is also wrong. JCPS stated directly that it denied Mrs. Stovall's request to avoid violating Pearson's copyright. (*Id.*) And both Appellees agree that JCPS was contractually obligated to defend Pearson's copyright. (*See* Pearson's Br. at 3 (explaining that "the observance of confidentiality terms is a requirement that Pearson imposes on all its partners, including JCPS")); (JCPS's Br. at 6 (same).) Pearson cannot argue that it never denied Mrs. Stovall the survey while JCPS insists that Pearson made it do so. Appellees wind up pointing their fingers at each other which only serves to demonstrate that Mrs. Stovall's case is ripe. Pearson's argument that there is no threat of a lawsuit for copyright infringement if

15

JCPS provided copies of the survey to Mrs. Stovall is at odds with what actually happened, in addition to being legally irrelevant.

Further, Pearson appears to suggest that Mrs. Stovall included it as a defendant to try and manufacture jurisdiction because Pearson has a hypothetical coercive action. (*See* Pearson's Br. at 20–21.) But Pearson's joinder as the rights-holder is required (as it should be). *See Weisberg v. United States Dep't of Justice*, 631 F.2d 824, 829 (D.C. Cir. 1980) (remanding a FOIA copyright case to the district court for joinder of TIME magazine, the rights-holder); *see also* Fed. R. Civ. P. 19(a)(1)(B) ("A person . . . must be joined if . . . [the proceedings may] as a practical matter impair or impede the person's ability to protect the[ir] interest; or [their absence may] leave an existing party subject to a substantial risk of incurring . . . inconsistent obligations.").

Regardless, there is no meaningful dispute that Pearson has an available coercive action under the Copyright Act to enjoin Mrs. Stovall from continuing to request its copyrighted materials in the future. That decides the question whether there is federal subject matter jurisdiction, even under Appellees' view of the law. Pearson's available coercive actions against JCPS merely provide further reassurance that this case satisfies the well-pleaded complaint rule.[5]

---

[5] Appellees raise the possibility that other KORA exceptions might apply. (*See* Appellee JCPS's Br. at 4 n.3); (Appellee Pearson's Br. at 42.) But those exceptions were not invoked by JCPS, the actual governmental entity capable of invoking them,

## B. Mrs. Stovall's claim satisfies the well-pleaded complaint rule because it centers on copyright.

This case is distinct from those in which exclusive jurisdiction is lacking where copyright is tangential to a state law issue because the construction and application of the Copyright Act is the only legal issue present here. Pearson cites and discusses two cases to support its argument that the well-pleaded complaint rule bars this case, but both are inapplicable because the coercive action in this case would be for copyright infringement. (*See* Pearson's Br. at 18 (discussing *Bd. of Chosen Freeholders of Burlington v. Tombs*, 215 F. App'x 80 (3d Cir. 2006) (unpublished), and *Courier-J., Inc. v. Cabinet for Health & Fam. Servs.*, No. 3:11-09-DCR, 2011 U.S. Dist. LEXIS 60287 (E.D. Ky. June 1, 2011)).)

*Courier-Journal* involved a KORA case filed in state court and removed to federal court by the defendant. 2011 U.S. Dist. LEXIS 60287, at *2. The defendant argued that because the plaintiff asserted that the defendant had violated the Open Records Act *and* a separate federal statute by refusing disclosure, the case presented a federal question. *Id.* at *6. But the federal statute at issue there had no cause of action and there was no federal statute expressly divesting state courts of jurisdiction

---

when denying Mrs. Stovall's request. (*See* Compl., R. 1, Page ID # 5.) Nor did JCPS invoke these exceptions to the district court below. (*See* JCPS's Answer, R. 11, Page ID # 44–53.) And even if they later are applied somehow in a hypothetical future, a federal court would still need to resolve the copyright question presented here. The Court should not permit Appellees to manufacture post hoc exemptions to deprive it of subject matter jurisdiction over the only stated basis for denial.

over it, *id.*, unlike the Copyright Act, which both contains a cause of action, 17 U.S.C. § 501, and over which state courts are explicitly divested of jurisdiction, 28 U.S.C. § 1338(a). *Board of Chosen Freeholders* invalidates Pearson's theory because it involved a state entity bringing a declaratory judgment action against a citizen claiming that copyright preempted the citizen's open records request. 215 F. App'x at 81. Obviously, the citizen, who does not hold the copyright in question, could not bring a coercive copyright action against the rights-holder, which is what led to the dismissal for want of jurisdiction. *Id.* This case is the inverse: a citizen brought a declaratory judgment action against a state entity and the rights-holder. Because a realigned action would necessarily take place in federal court as Pearson has no available state court action, this Court has subject matter jurisdiction.

**III.  *Grand Trunk* is inapplicable, but even if it did apply, the analysis would be heavily lopsided in favor of accepting jurisdiction.**

The district court never acknowledged that state courts lack jurisdiction over this case. Had it done so, it would have recognized that it must exercise jurisdiction over this case. The district court's refusal to exercise jurisdiction is an abuse of its discretion that left a federal question unanswered and left a plaintiff without any remedy for her injury. Applying the *Grand Trunk* factors to a case within exclusive federal jurisdiction is inappropriate, but even if they are applied, they require the district court to accept jurisdiction.

**A. Exclusive federal jurisdiction precludes a state court from resolving this case.**

The exclusive federal jurisdiction over cases arising under the Copyright Act requires that a federal court exercise jurisdiction over this declaratory judgment action. Although Pearson cites three cases on this point, all three support that conclusion. (*See* Pearson's Br. at 39.)

First, as explained above, Pearson misquotes *T.B. Harms Co.*, a case which unequivocally holds that a case requiring construction of the Copyright Act, such as the "fair use" provision construed here, 17 U.S.C. § 107, is within exclusive federal jurisdiction. 339 F.2d at 828 (noting also that policy concerns can bring a case within exclusive federal jurisdiction). In the second case Pearson cites, *Kunz v. Aoki*, the court explicitly found that "it d[id] not need to decide the question of infringement liability," and so returned a state malicious prosecution claim to state court because the crux of the issues was "the conduct of the parties and attorneys in the prior action." No. 2:21-cv-01502-TLN-CKD, 2021 U.S. Dist. LEXIS 201896, at *9 & n.3 (E.D. Cal. Oct. 19, 2021).

Finally, *Gunn v. Minton* merely stands for the unexceptional proposition, as the court in *Kunz* explained, that the key question for exclusive copyright jurisdiction based on the substantiality of the federal question is about "the importance of the issue to the federal system as a whole." *Id.* at *7 (quoting *Gunn v. Minton*, 568 U.S. 251, 260 (2013)).

Factually, *Gunn* bears no resemblance to this case. In *Gunn*, the issue was whether the legal malpractice claim in front of the Supreme Court would succeed. 568 U.S. at 255. That legal malpractice claim was based on the theory that the lawyer in the underlying patent litigation had committed malpractice by not bringing a specific experimental patent theory. *Id.* The plaintiff argued that this presented a substantial federal issue because resolving the legal malpractice claim would require deciding whether the experimental patent theory would have succeeded, which in turn placed the case within exclusive federal jurisdiction. *Id.* But as the Supreme Court explained, this was not a substantial issue, as it could not "change the real-world result of the prior federal patent litigation," nor would it "undermine 'the development of a uniform body of [patent] law.'" *Id.* at 261 (quoting *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989)). Here, however, there are substantial federal issues at play, including the uniformity of copyright that Congress sought to secure. *See Ritchie*, 395 F.3d at 287. Ensuring a proper and uniform construction of the fair use provision also triggers exclusive federal jurisdiction. *T.B. Harms Co.*, 339 F.2d at 828.

## B. Without concurrent state court jurisdiction, declining to exercise jurisdiction is an abuse of discretion.

Mrs. Stovall has no path forward under state law. The meaning of state law is not in dispute, leaving state courts powerless to act on her claim. The district court gravely erred by failing to recognize that state courts lack jurisdiction over this case.

In ignoring the exclusive federal jurisdiction in this case, Pearson launches into a theory that would stick Mrs. Stovall in perpetual legal limbo. If Mrs. Stovall is barred from bringing this declaratory judgment case, she would have to wait until Pearson sued her. But that will not happen. Pearson can keep itself out of court by keeping the survey from being disclosed. Pearson will not disrupt the status quo through litigation because it is happy with the status quo. This places Mrs. Stovall (and JCPS) in the very "dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate." *See Abbott Labs v. Gardner*, 187 U.S. 136, 152 (1967). The purpose of the Declaratory Judgment Act is to allow a plaintiff to sue proactively, but Pearson would have the Court forget that purpose and let Mrs. Stovall sit in limbo with no way to determine the legal relations between the parties.

Pearson justifies its theory by claiming that the rights to public access protected by KORA "are for state legislatures and state courts to protect." (Pearson's Br. at 38.) But Kentucky has no say over the Copyright Act, which is why this case is in federal, rather than state, court. *See Ritchie*, 395 F.3d at 287 (explaining that questions arising under the Copyright Act are within exclusive federal jurisdiction and completely preempted). Kentucky created a right to access, which it limited by federal law, that Mrs. Stovall sought to use. Kentucky cannot change the protections of the Copyright Act, nor did it try to. Kentucky's courts cannot rule on the scope of the Copyright Act's protections, nor did it try to authorize them to. Indeed, had

Kentucky not included the exemption for disclosures prohibited by federal law, it would not change this case. The lawfulness of the disclosure would still depend on the Copyright Act. Because questions arising under the Copyright Act—such as whether a copying is infringement or fair use—are within exclusive federal jurisdiction, Kentucky's hands are tied.

*Grand Trunk* was intended to guide federal courts about when to let a state court resolve a matter. Because of that, the five *Grand Trunk* factors are all premised on the idea that a state court could resolve the matter: (1) whether a declaration would be useful (to a state court); (2) whether a declaration would settle the controversy (or whether it is better to just let a state court handle the whole case); (3) whether declaratory judgment is being sought for an improper purpose like procedural fencing (to restrict forum shopping state claims to federal court when they could be brought just fine in state court); (4) whether a declaration would increase friction between federal and state courts (which assumes concurrent jurisdiction); and (5) whether state courts provide a better alternative remedy (which again assumes concurrent jurisdiction). *See Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). None of the *Grand Trunk* factors make sense when the controversy is within the exclusive jurisdiction of federal courts. Applying it to bar a case within exclusive federal jurisdiction is "judicially indiscreet," *Am. States Ins. v. D'Atri*, 375 F.2d 761, 763 (6th Cir. 1967), and certainly

not in the service of "wise judicial administration," *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Because those are the primary guideposts for whether to exercise jurisdiction over a declaratory judgment action, refusing to exercise jurisdiction over a matter within exclusive federal jurisdiction is an abuse of discretion.

## CONCLUSION

This Court should reverse the holding of the district court that it lacked subject matter jurisdiction and remand with instructions to exercise jurisdiction under the Declaratory Judgment Act. A federal court is the proper and only forum to resolve questions of federal copyright law.

Respectfully submitted,

August 20, 2025.                    /s/ Benjamin I. B. Isgur
                                    Braden H. Boucek
                                      Tenn. BPR No. 021399
                                      Ga. Bar No. 396831
                                    Benjamin I. B. Isgur
                                      Va. Bar No. 98812
                                    SOUTHEASTERN LEGAL FOUNDATION
                                    560 W. Crossville Road, Suite 104
                                    Roswell, GA  30075
                                    Tel.: (770) 977-2131
                                    bboucek@southeasternlegal.org
                                    bisgur@southeasternlegal.org

                                    /s/ Christopher Wiest
                                    Christopher Wiest (KBA 90725)
                                    50 East Rivercenter Blvd., Ste. 1280
                                    Covington, KY 41011

513-257-1895 (v)
chris@cwiestlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. Proc. 32(g)(1), this is to certify the foregoing complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,286 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). The foregoing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it was prepared on a computer using Times New Roman font (14 point).

 August 20, 2025.                    /s/ Benjamin I. B. Isgur
                                     Benjamin I. B. Isgur

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Respectfully submitted,

<u>/s/ Benjamin I. B. Isgur</u>
Benjamin I. B. Isgur